## COMMONWEALTH *vs.* JOHN TAYLOR.

The provision of St. 1869, *c.* 415, § 35, that the delivery of intoxicating liquor in certain places shall be deemed *primâ facie* evidence of a sale, is confined to cases under that statute.

The defendant's payment of costs in a criminal prosecution, by order of court, as a prerequisite to the removal of his default, is not a bar to the further prosecution of the case.

COMPLAINT to the Second District Court of Southern Worcester, under Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement used for the illegal sale of intoxicating liquor.

In the District Court the same motion to dismiss and the same demand for a jury trial were made as in the preceding case against the same defendant. The motion having been overruled, the demand disallowed, and the defendant found guilty, he appealed to the Superior Court. The copy of the record transmitted upon the appeal was similar in form to the copy set forth in the preceding case. A similar amendment was allowed, and a similar motion to dismiss made and overruled.

At October term of the Superior Court the defendant did not appear, and was defaulted, and afterwards, during the same term, on his motion, the default was taken off by order of court, upon the payment of the costs of summoning the witnesses, and of their attendance and travel at that term, which were taxed at $47.60.

When the case was called for trial before *Devens,* J., the defendant filed the following statement and claim : " Defendant's plea. And now the defendant comes before the empanelling of the jury and shows that at the October term of this court, A. D. 1872, he was defaulted in the case, and afterward, at said term, the court ordered said default taken off on payment by the defendant of the costs of prosecution, and the defendant complied with the order and paid as costs $47.60 to the sheriff, and the default was taken off; all of which appears by the record of the case hereby referred to. And the defendant claims, by reason of the foregoing facts and premises, the Commonwealth cannot further prosecute said case, nor should the defendant be required to answer further thereto, and asks to be hence discharged."

The court " disallowed and rejected the said plea," and ordered the trial to proceed.

At the trial the Commonwealth offered evidence tending to show the delivery by the defendant of intoxicating liquors, on several occasions within the time covered by the complaint, in his saloon, which was a public place, to various persons who were there present, and contended that such delivery was *primâ facie* evidence of sales of the intoxicating liquors delivered.

The defendant asked the court to rule that such acts of delivery under this complaint were not *primâ facie* evidence of sales, but the court declined so to rule, and ruled that such acts of delivery by the defendant, if proved, were *primâ facie* evidence of sales at the times when they were shown to have taken place.

The jury returned a verdict of guilty, and the defendant excepted.

*H. B. Staples & J. H. Stockwell,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

AMES, J. *Primâ facie* evidence of a fact we understand to be such as in judgment of law is sufficient to establish the fact; or such as in the absence of all controlling or discrediting evidence is conclusive, and must be so considered by the jury. *Kelly* v. *Jackson*, 6 Pet. 622. It is such as remains sufficient, if not rebutted. *United States* v. *Wiggins*, 14 Pet. 334. Delivery is one of the elements of sale, and the attending circumstances may or may not be such as to convince the jury that there was a sale in fact. But this of course depends upon their estimate of the effect of all the evidence taken together. The rule established by St. 1869, *c.* 415, § 35, providing that under certain circumstances the mere delivery of intoxicating liquors shall be *primâ facie* evidence of a sale, is confined to prosecutions under that statute. *Commonwealth* v. *Lahy*, 8 Gray, 459. *Jones* v. *McLeod*, 103 Mass. 58. Evidence of such delivery by the defendant, at his saloon, at various times, to various persons, was proper for the consideration of the jury; but there is no rule of law requiring them, in cases not arising under that statute, to find a verdict of guilty upon such evidence, even though it should stand uncontradicted. Its weight and effect are entirely for them to consider, and the law attaches to it no artificial or peculiar force. Upon this point, therefore, we find it necessary to sustain the exceptions.

There seems to be no ground for the claim that the payment of costs, in order to have the default taken off, can operate in any event as a bar to the prosecution. The other points relied upon by the defendant at the argument have been disposed of in *Commonwealth* v. *Taylor, ante*, 1. *Exceptions sustained.*