### COMMONWEALTH *vs.* LEVI HUARD.

Worcester.   October 3. — 4, 1876.   COLT & MORTON, JJ., absent.

A complaint in a criminal proceeding was made to A. B., "a trial justice in and for the county of Worcester." The jurat on the complaint was headed "Worcester ss.," and was signed "A. B., trial justice." The record, transmitted to the Superior Court on appeal, annexed to copies of the complaint and warrant, was headed "Worcester ss.," and signed "A. B., trial justice," and set forth that the defendant was on a day named "brought into court," and the complaint read to him, and a plea of not guilty entered; that "after due and full examination it is considered by me that he is guilty of the offence charged against him. It is therefore ordered by said court that the said defendant pay a fine," &c. *Held,* that the record showed that the proceedings were in the county of Worcester, and at a court held by a trial justice. *Held, also,* that any irregularity in the recital of the proceedings was rendered immaterial by the appeal.

COMPLAINT to "Charles E. Jenks, a trial justice in and for the county of Worcester," charging the defendant with keeping for sale intoxicating liquors with intent unlawfully to sell the same. The jurat on the complaint was headed, "Commonwealth of Massachusetts, Worcester ss.," and was signed "Charles E. Jenks, Trial Justice." The warrant commanded the officer "to take and bring before the subscriber, or some other trial justice in said county of Worcester, the body of the above named Levi Huard," &c.; and was signed "Charles E. Jenks, Trial Justice."

The record, transmitted to the Superior Court on appeal, was as follows: "Commonwealth of Massachusetts, Worcester ss. By virtue of the within warrant, the defendant is brought into court this eighteenth day of November, A. D. 1875, and the within complaint is read to him, and being asked whether he is guilty or not guilty of the offence within charged upon him, says that he is not guilty; but after due and full examination it is considered by me that he is guilty of the offence charged against him. It is therefore ordered by said court, that the said defendant pay a fine of $50.00 to the use prescribed by law, that he pay the costs of this prosecution taxed at $9.95, and in default thereof that he stand committed to either of the Houses of Correction in said county till the same be paid, or said defendant be otherwise discharged in due course of law."

The record further stated that the defendant appealed to the Superior Court for the county of Worcester, and recognized to

prosecute his appeal, and was signed " Charles E. Jenks, Trial Justice."

In the Superior Court, after a verdict of guilty, the defendant moved in arrest of judgment, because the record in said cause filed did not show:

" 1. That he was ever arraigned at any place within the jurisdiction of the trial justice who received the complaint herein.

" 2. That he was ever brought before said trial justice, or any other trial justice having jurisdiction of the subject matter of said complaint.

" 3. That he was ever tried upon said complaint before said trial justice, or any other trial justice having jurisdiction of the subject matter of said complaint.

" 4. That he was ever arraigned before any person or court having authority to arraign him.

" 5. That he was ever tried before any person or court having authority to hear and determine the subject matter of said complaint."

The motion was overruled; and the defendant appealed.

*J. Hopkins,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

BY THE COURT. The record shows that the proceedings were in the county of Worcester, and at a court held by a trial justice. Any irregularity in the recital of his proceedings is rendered immaterial by the appeal. *Commonwealth* v. *Burke, ante,* 39.

*Exceptions overruled.*