COMMONWEALTH *vs.* THOMAS H. GAVIN.

Middlesex.     November 26, 1888. — November 28, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

Middlesex.     February 4, 1889. — February 6, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Exceptions — Intoxicating Liquors — Common Nuisance — Complaint — Appeal — Record of Trial Justice — Arrest of Judgment.*

No exception lies to the refusal to give an instruction which is based on a portion of the evidence only.

Upon a complaint against two for keeping and maintaining a common nuisance, to

wit, a tenement "by them used" for the illegal keeping and sale of intoxicating liquors, one may be convicted.

Any informality in the record transmitted by a trial justice to the Superior Court, on appeal, in a criminal case, is rendered immaterial by the appeal.

The copy of such a record recited that the defendant was arrested and brought before the trial justice on January 14, 1888, and pleaded not guilty; that the case was continued to January 19, when, "after due and full examination," he was adjudged guilty and sentenced, and, upon taking an appeal, was ordered to recognize to prosecute it. A copy of the recognizance recited that the defendant was brought before the trial justice on January 19, and after pleading not guilty and "after due examination" was adjudged guilty and sentenced. *Held*, on a motion in arrest of judgment, that the record sufficiently showed that the defendant was duly tried and convicted by the trial justice, and that there was no substantial difference between the recitals in the recognizance and the record.

Two COMPLAINTS on the Pub. Sts. c. 101, §§ 6, 7, to a trial justice, against the defendant and another, for keeping a common nuisance, to wit, a tenement in Natick "by them used for the illegal sale and illegal keeping for sale of intoxicating liquors," from October 1, 1887, to January 6, 1888, and from January 7, 1888, to January 19, 1888.

IN THE FIRST CASE, at the trial in the Superior Court, before *Thompson*, J., there was some evidence of the delivery of intoxicating liquors on the premises during the time alleged, and the receipt of money therefor, by said Thomas H. Gavin.

At the close of the testimony, the judge declined to instruct the jury, as requested by the defendant, that delivery of intoxicating liquors on the premises was not *prima facie* evidence of sale, with reference to a complaint in this form.

The jury returned a verdict of guilty against the defendant alone; and the defendant alleged exceptions.

*J. L. Eldridge & H. C. Mulligan*, for the defendant.

*A. J. Waterman*, Attorney General, and *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

HOLMES, J. The exceptions do not raise the question whether Pub. Sts. c. 100, § 26, making the delivery of intoxicating liquors in certain cases *prima facie* evidence of a sale, apply to complaints under Pub. Sts. c. 101, §§ 6, 7. *Commonwealth* v. *Taylor*, 113 Mass. 4. There was evidence not only of a delivery by the defendant, but of a receipt of money by him for the liquor. The court did not rule that delivery alone was *prima facie* evidence of a sale. It simply declined to rule that delivery was not *prima*

*facie* evidence.    The defendant had no right to pick out a part of the evidence and to require the court to rule upon its effect when isolated from the other evidence which accompanied it. *Green* v. *Boston & Lowell Railroad,* 128 Mass. 221, 227.  *Commonwealth* v. *Este,* 140 Mass. 279, 286.        *Exceptions overruled.*

IN THE SECOND CASE, a copy of the record of the trial justice transmitted to the Superior Court, on appeal, showed that the defendant was arrested and brought before the trial justice "this 14th day of January, A. D. 1888," and pleaded not guilty; that the case was "continued to January 19, 1888, when" the other person complained against also pleaded not guilty, "but after due and full examination it is considered by me that they are both guilty of the offence charged against them;" and that both were then sentenced; from which sentence the defendant appealed to the Superior Court, and was ordered to recognize to appear and prosecute his appeal.    A copy of the recognizance entered into by the defendant accompanied the copy of the record, and recited that the defendant was brought before the trial justice "on this nineteenth day of January," 1888, and pleaded not guilty, and "after due examination" was adjudged guilty and sentenced, from which sentence the defendant appealed.

At the trial in the Superior Court, before *Thompson,* J., the jury returned a verdict of guilty against the defendant alone.

The defendant then filed the following motion to set aside the verdict: "The defendant, Thomas H. Gavin, comes after verdict and before judgment and moves the court to set aside the verdict against him because said verdict is inconsistent with the complaint, which alleges that the tenement referred to therein was 'by them used,' and the verdict being that it was used by this defendant only, wherefore no lawful judgment can be entered against him."    The judge overruled the motion.

The defendant then moved in arrest of judgment, for the following reasons, among others: "1. Because the record does not show that the defendant, Thomas H. Gavin, had any trial before the trial justice.    2. Because the original recognizance and the record of judgment are inconsistent and contradictory as to the time when the defendant was brought before said justice, as to

the time of his being arraigned on said complaint." The judge overruled the motion; and the defendant alleged exceptions.

*J. L. Eldridge & H. C. Mulligan,* for the defendant.

*A. J. Waterman,* Attorney General, and *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. The charge in this complaint is several as well as joint, and one of the defendants may be convicted and the other acquitted. *Commonwealth* v. *Brown,* 12 Gray, 135. The record sufficiently shows that the defendant, Thomas H. Gavin, was duly tried and convicted by the trial justice; and besides, any informality in the record is rendered immaterial by the appeal. *Commonwealth* v. *Huard,* 121 Mass. 56.

There is no substantial difference between the recitals in the recognizance and the record. Both the motions of the defendant were properly overruled.        *Exceptions overruled.*