WILLIAM R. LITTLEFIELD, administrator, *vs.* JOHN R. GILMAN.

Middlesex.    December 6, 1910. — January 6, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Imputed.    *Automobile.    Practice, Civil,* Exceptions, Conduct of trial: request for rulings.

Where one, while being driven in an automobile as a guest of the person driving it, received fatal injuries in a collision on a public way caused directly by the negligence of a third person, to which negligence on the part of the driver contributed, the administrator of his estate, if at the time of the collision the intestate was in the exercise of due care, may recover damages from the negligent third person for the conscious suffering of the intestate in spite of the negligence of the driver whose guest he was.    Following *Shultz* v. *Old Colony Street Railway,* 193 Mass. 309.

In an action by an administrator against the driver of an automobile for the conscious suffering of the plaintiff's intestate who received fatal injuries by reason of a collision with another automobile in which the plaintiff's intestate was being driven as a guest of its driver, there was evidence that the driver of the automobile in which the plaintiff's intestate was had not secured the license to drive an automobile required by St. 1903, c. 473, §§ 4, 5.    At the close of the evidence the defendant asked for the following ruling : " If the jury find that the driver was negligent in driving the automobile in which [the plaintiff's intestate] was riding, and such negligence was a contributory cause of the accident, then the plaintiff is bound by such negligence and cannot recover."    The trial judge gave to the jury instructions on the subject of imputed negligence which this court held were ample and sufficient, and refused to give the ruling

requested. The defendant alleged exceptions, and in this court relied only upon an exception to the refusal to give the ruling above quoted. *Held*, that by the exception to the refusal to give the quoted ruling, the question, whether the fact, that the driver of the automobile in which the plaintiff's intestate was being driven did not have the required license to operate an automobile, affected the right of the plaintiff to recover, was not brought before this court.

Tort by the administrator of one William H. Littlefield for the conscious suffering of the plaintiff's intestate due to fatal injuries received in a collision between an automobile, which was operated by the defendant, and one in which the plaintiff's intestate was being driven as a guest of its driver. Writ dated May 14, 1908.

In the Superior Court the case was tried before *Bond*, J. It appeared that the automobile, in which the plaintiff was, was being driven by one Murphy, who was in the employ of one Shepard, that the plaintiff's intestate " was in no way connected with Murphy as master and servant, principal and agent, parent and child, or guardian and ward," nor was he connected with the business of Shepard. There was evidence that the plaintiff's intestate was being driven in the automobile merely as the guest of Murphy.

The ruling asked for by the defendant on the question of imputed negligence is stated in the opinion. The instructions of the trial judge on that subject followed instructions as to the necessity of the plaintiff's proving that his intestate was in the exercise of due care, and were as follows:

" Now, the negligence of Murphy, who was driving that automobile in which Mr. Littlefield was riding, is not necessarily to be imputed to Mr. Littlefield; it is not the same as though Mr. Littlefield was running the automobile himself; it depends to some extent upon how he happened to be riding in the automobile. Of course if it was his automobile and Mr. Murphy was his servant and was running it under his direction, he had the control of Mr. Murphy then, and Mr. Murphy's negligence would be his negligence; but if he had no authority over Mr. Murphy, — if Mr. Murphy wasn't his servant, and he was merely riding in the automobile as Mr. Murphy's guest, invited to ride by him, then the negligence of Mr. Murphy is not to be imputed to Mr. Littlefield.

" There has been some evidence with reference to that coming

from Mr. Murphy, and perhaps to some extent from Mr. Tierney, and possibly from Mr. Shepard — I don't remember about that, and it is for you to say whether Mr. Littlefield was invited to ride just for the pleasure of the ride by Mr. Murphy or any one else who had the right to invite him, and whether or not Mr. Littlefield had any control over Mr. Murphy.  I mean by that any right to direct him what to do ; whether or not Mr. Murphy was acting independently of Mr. Littlefield, and Mr. Littlefield had nothing to do with directing him how to run his automobile."

The jury found for the plaintiff in the sum of $3,500; and the defendant alleged exceptions.

*J. C. Hammond*, for the defendant, submitted a brief.

*F. Hurtubis, Jr.*, for the plaintiff.

RUGG, J.    This is an action of tort to recover damages for the conscious suffering of one William H. Littlefield which resulted from the collision of an automobile driven by the defendant with that operated by one Murphy.   The deceased was riding with Murphy as his guest, and there was evidence from which it might have been found that the injuries were caused by the concurrent negligence of the defendant and Murphy.   The latter was employed as a repair man at a garage, and although not licensed as a chauffeur was driving the automobile on the business of his employer.   The only exception not now waived was to the refusal of the trial judge to rule that "If the jury find that the driver was negligent in driving the automobile in which Littlefield was riding, and such negligence was a contributory cause of the accident, then the plaintiff is bound by such negligence and cannot recover."   This request is directly contrary to the law as laid down in *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, and the several cases following it to the effect that the negligence of the driver of a vehicle is not ordinarily to be imputed to one riding merely as guest, who is himself in the exercise of due care.   The instructions given were clear and ample in accordance with this principle.

It is now argued in support of the exception that because St. 1903, c. 473, §§ 4, 5, required every driver for hire of an automobile to be licensed and to display a distinguishing number or mark while acting as such driver, and as Murphy had no such license, the deceased must be held as matter of law to have been

negligent, and reliance is placed on *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, and *Feeley* v. *Melrose*, 205 Mass. 329. This point was not called to the attention of the trial judge nor was it within the scope of the request presented by the defendant. The only question it fairly opened to consideration was the doctrine of imputed negligence. As to this subject the request was properly refused and accurate instructions were given.

*Exceptions overruled.*