contractor jointly for the whole sum due the subcontractor from the contractor, but can only be enforced against the owner to the extent of his liability under the act, and the judgment should find and recite the amount and date of the subcontractor's lien.

4. MECHANICS' LIENS, § 202*—*when judgment may be rendered against contractor.* Where in a subcontractor's action in *assumpsit* under the Mechanics' Liens Act, § 28, J. & A., ¶ 7166, against the owner and contractor, no lien is established against the owner, judgment may be rendered against the contractor.

5. PROCESS, § 2*—*party served with summons must be made defendant.* Serving a summons on a party without making him a party defendant to the suit does not make him a party defendant.

Albert Kowalski by Frank Kowalski, Defendant in Error, v. John S. Kelley, Plaintiff in Error.

Gen. No. 18,045.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed November 24, 1913.

Statement of the Case.

Action by Albert Kowalski, a minor, by Frank Kowalski, his father and next friend, against John S. Kelley to recover for personal injuries sustained by plaintiff while riding with John S. Kelley in an automobile driven by the latter. The injuries were alleged to have been caused by John S. Kelley negligently driving the automobile so as to cause a collision with a street car. From a judgment in favor of plaintiff against John S. Kelley for two hundred and fifty dollars, the latter brings error.

CARPENTER & BARNHARDT, for plaintiff in error; CLAYTON W. MOGG and WYMAN, JURGENS & CARPENTER, of counsel.

GALLAGHER & MESSNER, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

AUTOMOBILES AND GARAGES, § 3*—*verdict for injuries sustained by occupant resulting from negligent driving sustained.* In an action for injuries sustained by plaintiff resulting from the negligent driving of an automobile in which plaintiff was riding at the request of defendant, the questions whether defendant was negligent in driving the automobile and whether plaintiff was guilty of contributory negligence in failing to jump from it before it was struck by a street car, *held* questions for the jury, and verdict for plaintiff sustained.

## Elvira Bergamo, Defendant in Error, v. Tony Tarello, Plaintiff in Error.

### Gen. No. 18,184.

1. LANDLORD AND TENANT, § 209*—*effect of statute of frauds on covenant to repair.* Tenant in possession is bound by a covenant to repair, although the agreement by which he holds is void, or contrary to the statute of frauds.

2. LANDLORD AND TENANT, § 94*—*when occupancy under a lease within the statute of frauds creates tenancy from month to month.* One taking possession under a verbal lease voidable under the statute of frauds, agreeing to pay rent monthly and paying rent as it accrues, becomes a tenant from month to month.

3. LANDLORD AND TENANT, § 479*—*when notice by tenant from month to month terminates lease.* Where a tenant from month to month gives notice on the first day of a month of his intention to move at the end of the month and pays rent for that month, *held* tenant is not liable for the next month's rent where he moves before the first day of the next month.

4. FRAUDS, STATUTE OF, § 96*—*when part performance does not take lease out of statute.* The doctrine of part performance is not applicable to a lease within the statute of frauds in a court of law.

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in this court at the March term,

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.