## McLaughlin *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways — Automobile — Collision — Automobile towed by truck—Injury to occupant—Gratuitous guest—Contributory negligence—Case for jury.*

1. Where the occupant of an automobile touring car which has been disabled and is being towed by an auto truck, is injured as a result of a collision between a street car and the touring car while the latter is being drawn diagonally across the tracks of the defendant street railway company, the question of plaintiff's contributory negligence in remaining in the car while being so drawn through the traffic of a public highway is for the jury.

2. In such case where it appeared that the touring car in which plaintiff was riding had been hired by her family physician for the purpose of a hurried visit to plaintiff's mother, who was seriously ill, and that at the time of the accident, which occurred on the return trip, the car was occupied by the plaintiff, the physician and the physician's daughter, the question of the extent of the control which any of the occupants of the car could or should have exercised over the driver of the auto truck is for the jury. If he was for the time being in their employ, and under their control, then they were chargeable with his negligence.

Argued Oct. 19, 1915. Appeal, No. 212, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1913, No. 484, on verdict for plaintiff in case of Anna McLaughlin v. Pittsburgh Railways Company. Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SHAFER, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $1,730.00 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the charge of the court.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*G. C. Bradshaw,* with him *Frank Thomson* and *J. R. Martin,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

The plaintiff in this case was riding in a disabled automobile, which was being towed by means of a rope, behind an auto truck. The evidence as to just what occurred is somewhat conflicting, but it seems that while the driver of the auto truck was attempting to cross diagonally a street car track there was a collision between the automobile and a street car, and as a result the plaintiff was thrown forward from her seat, against the back of the seat in front of her, and as she alleges, received some injuries, for which, in this action, she seeks to recover damages. Upon the trial, the court below held, that under the evidence, the plaintiff was to be regarded as a gratuitous guest in the automobile, without any responsibility for the contributory negligence of the driver of the auto truck. Nor were the jury permitted to take into consideration any question as to plaintiff's own contributory negligence. The only question left to the jury was as to the negligence of the defendant company. It is not clear from the evidence that the plaintiff was merely a guest. It seems that she employed her family physician, Dr. Jackson, to go with her to bring her mother, who was ill in Pittsburgh, back to

her own home. Dr. Jackson procured the use of his son's automobile for the trip, the machine being driven by his daughter. The plaintiff, and the doctor, and the daughter all rode to Pittsburgh in the automobile. When they reached their destination they found the mother had died, and their errand was fruitless. Upon the way back, the automobile broke down, and not being able to repair it, Dr. Jackson, after some delay, employed the driver of a passing auto truck to take them in tow. While being drawn along the public highway, the accident happened. We think the inference might fairly have been drawn from the testimony, that the parties were all engaged in a common enterprise, in which the plaintiff was quite as much interested, as was Dr. Jackson, her physician, who was undoubtedly making the trip for her benefit and at her request. When he employed the driver of the auto truck to take them in tow, it was in furtherance of the common purpose. At least the jury would have been warranted in finding that to be the fact. We see no room for any distinction between any of the occupants of the automobile. They were at the time being drawn by the auto truck, whose driver had been employed to take the whole party to their destination. The extent of the control which they, or any of them, could, or should have exercised over the driver was a question of fact for the jury. If he was for the time being, in their employ, and under their control, then they were chargeable with his negligence. Clearly this would have been the case, had he been employed to drive the car in which they sat, instead of being employed to draw it along by means of the rope attached to his own truck.

We are also of opinion that the question, whether plaintiff by her own negligence contributed in any way to the injury, should have been left to the jury. Was it in accordance with the dictates of common prudence for plaintiff to remain in a disabled automobile, while it was being towed by a rope through the traffic of a

public highway?  Did she exercise reasonable care for her own safety in committing herself, under the circumstances, to the care of a strange driver, with whom, owing to the distance at which he sat, and the noise of the machinery, it was difficult to communicate?  Were the conditions, under which she rode, of such a character as to constitute a patent danger which she voluntarily joined in testing?  Had she knowledge of the danger involved in turning across the tracks in front of the street car, and time in which to make protest against the action of the driver in turning into danger, or was the danger not so apparent, or so serious as to call upon her to exercise her own judgment in any way for her own protection?  These were matters for the jury to decide, upon their view of what was required of plaintiff in the exercise of prudence, and reasonable care for her own safety, under the circumstances shown by the evidence.

The second, third and fourth assignments of error are sustained.  The judgment is reversed, and a venire facias de novo is awarded.