AARON MAIDMAN *vs.* MARIA L. ROSE, administratrix.

Bristol.      October 26, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Imputed, Contributory, Motor vehicle, In use of highway.
    *Practice, Civil,* Requests, rulings and instructions.

Where, at the trial of an action for personal injuries received when, as a
    result of a collision between two motor vehicles on a public highway,
    one of them ran into a motor vehicle, which was standing at a curb on
    the opposite side of the street from the collision and in which the plain-
    tiff was riding at the request of the driver, the plaintiff testifies in sub-
    stance that, after he saw the two colliding vehicles approaching each
    other when they were about fifty feet apart, he "knew that an accident
    was going to happen," but there was no evidence that he changed his
    position in the automobile or warned the chauffeur, who was driving the
    car, of the impending accident, or that he did anything by act or speech
    to avoid it, the questions, whether he had time to leave the car, and in
    the exercise of reasonable care should have done so or should have taken
    some other precaution for his own safety, were for the jury, and it was
    proper for the judge to refuse a request of the plaintiff for a ruling that
    there was no evidence for the jury that the plaintiff was not in the
    exercise of due care.
At a trial it is proper for the trial judge to refuse a request which did not
    ask for a ruling upon any proposition of law or upon admitted facts,
    but upon a certain theory of the case which in the request it was as-
    sumed the jury might adopt.

TORT for personal injuries received in a collision of motor
vehicles on Bedford Street in Fall River. Writ dated June
21, 1922.

In the Superior Court, the action was tried before *Walsh,* J.
Material evidence and rulings, requested by the plaintiff and
refused by the judge, are described in the opinion. There was
a verdict for the defendant. The plaintiff alleged exceptions.

*D. R. Radovsky,* for the plaintiff.

*H. S. R. Buffinton,* for the defendant.

SANDERSON, J.   This is an action of tort for personal in-
juries sustained by the plaintiff while riding in the automo-
bile of one Iveson, in Fall River.

The plaintiff entered the Iveson car at the invitation of
its driver, to show him the way to the center of the city, and
before the accident happened had ridden westerly, on the

right hand side of Bedford Street, a few blocks toward the point where Twelfth Street enters it from the south. At the same time a truck owned by the defendant's intestate was approaching Bedford Street on Twelfth Street, and an automobile, operated by one Hebert, moving in an easterly direction on Bedford Street, was approaching Twelfth Street. The truck of the defendant's intestate and the automobile of Hebert collided and as a result the automobile of Hebert ran into the car carrying the plaintiff and caused his injury. When the collision between the defendant's truck and the Hebert automobile occurred, the Iveson car had stopped on the northerly side of Bedford Street close to the curb and several feet east of what would be the east line of Twelfth Street if extended across Bedford Street. The plaintiff testified that he saw both automobiles when they were forty or fifty feet from the intersection of Twelfth Street and Bedford Street; that the Hebert car was between the rails of the southerly tracks going east and was pushed by the defendant's truck into the Iveson car; that after first seeing the two automobiles and as he sat in the car he knew that an accident was going to happen. There was no evidence that the plaintiff changed his position in the automobile or warned the chauffeur, who was driving the car, of the impending accident, or that he did anything by act or speech to avoid it. The jury returned a verdict for the defendant.

The first question is, whether the plaintiff was entitled to a ruling that there was no evidence for the jury that the plaintiff was not in the exercise of due care. Upon the facts in the case, if there was negligence on the part of the operator of the Iveson car, it is not to be imputed to the plaintiff. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. *Littlefield* v. *Gilman*, 207 Mass. 539. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262. The burden of proving contributory negligence is on the defendant. G. L. c. 231, § 85. From the time when the plaintiff first knew that an accident was going to happen, the Hebert car could be found to have gone forty or fifty feet, and more than the distance across Twelfth Street, before it came into collision with the automobile in which the plaintiff was seated. It was for the

jury to say, under proper instructions, whether he had time to leave the car, and in the exercise of reasonable care should have done so or taken some other precaution for his own safety. *Lawrence* v. *Fitchburg & Leominster Street Railway,* 201 Mass. 489. *Lambert* v. *Eastern Massachusetts Street Railway,* 240 Mass. 495, 499. The exceptions to the refusal of the trial judge to grant the plaintiff's request concerning his own due care must be overruled.

The remaining question is, whether the trial judge should have ruled that "If the operator of the Rose car in the exercise of reasonable care, either did see or.should have seen the approaching Hebert car when there was sufficient time for him, in the exercise of reasonable care, to have avoided the collision either by stopping his car or by making a turn closer to the curbing and away from the tracks, then the jury would be warranted in finding that the operator of the Rose car contributed to the accident." This request was properly denied. It did not ask for a ruling upon any proposition of law, or upon admitted facts, but upon a certain theory of the case which it was assumed the jury might adopt. *Kellogg* v. *Tompson,* 142 Mass. 76, 80. *Stanchfield* v. *Newton,* 142 Mass. 110, 116. *Commonwealth* v. *Gavin,* 148 Mass. 449. *Moseley* v. *Washburn,* 167 Mass. 345, 362. *Vine* v. *Berkshire Street Railway,* 212 Mass. 580, 582. There was evidence that the defendant's truck was standing still on Twelfth Street with the front part only on Bedford Street when it was struck by the Hebert car, and that the truck had been in that position from the time the Hebert automobile was fifty or sixty feet away. Other evidence tended to prove that the truck was moving and ran into the Hebert automobile. The man running that car might have failed to stop or to go nearer the curb, and still the acts of the operator of the Hebert automobile have been the sole negligent cause of the accident. Upon the evidence the jury may have found that it was the duty of the operator of the Hebert car to give the right of way to the Rose car. G. L. c. 89, § 8. The charge is not reported and it must be assumed that full and accurate instructions on all issues were given.

*Exceptions overruled.*