ODA PAPPATHANOS *vs.* DANIEL H. COAKLEY.

Suffolk.   October 21, 1927. — May 24, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Jury issues.   *Equity Jurisdiction,* Accounting.
  *Evidence,* Competency, Statement by deceased person, Presumptions
  and burden of proof.  *Witness,* Cross-examination.  *Practice, Civil,*
  Requests, rulings and instructions.

A judge of the Superior Court has power to order issues of fact to be framed
  and tried by a jury in a suit in equity for an accounting, and an inter-
  locutory decree to that effect will be affirmed on appeal when the record
  does not show an abuse of discretion.

At the trial of issues, framed in a suit in equity by a woman for an account-
  ing as to $150,000, which the plaintiff alleged had been paid by an
  attorney representing a third person against whom she had a claim to
  the defendant, who then represented her as her attorney, it appeared
  that at the time of the trial the attorney for the third person was dead.
  The plaintiff offered to show, by testimony of a witness who saw the
  third person in 1918 pay the $150,000 to his attorney, that the attorney
  then stated, but not in the presence of the defendant, that that sum
  must be paid to the plaintiff or to her attorney and that a receipt was
  to be furnished to the third person.   The evidence thus offered was
  excluded.  *Held,* that such statements, made out of court and not in
  the presence of the defendant, would have been inadmissible even if the
  declarant had been living at the time of the trial, and that the provisions
  of G. L. c. 233, § 65, did not make them admissible.

At the trial above described, after the plaintiff had testified to illicit rela-
  tions with the third person which stopped in February, 1917, over a
  year before the alleged payment to the defendant, the judge in his dis-
  cretion properly admitted in cross-examination of the plaintiff the
  question, "Then some two or three years afterwards, was it, that you
  resumed relations with" the third person? and the answer, "In Sep-
  tember, 1921."

An exception to a refusal by a judge presiding at a trial of a request for an instruction to the jury which seeks comment on particular aspects of the evidence will not be sustained.

An exception will not be sustained to a refusal by a trial judge to give a ruling, correct in substance and applicable to the evidence, in the exact wording stated in the request, if his instructions correctly and fully state the law applicable to the subject matter of the request.

At the trial of the issues in the suit above described, the plaintiff contended that the defendant received $150,000 and should account therefor. The defendant admitted receiving $20,000 and purported to account therefor. The judge charged the jury in substance that upon the issue, what amount of money did the defendant receive from the third person, the burden was on the plaintiff to show by the greater weight of evidence that the defendant received more than he said he did; that before the jury could answer the question "$150,000," the plaintiff must show them by the greater weight of evidence that the defendant did get $150,000; that, if the plaintiff failed to show them that fact by the greater weight of evidence, they should answer the question in accordance with the contention of the defendant, "$20,000." *Held*, that there was no error in such instructions.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated June 24, 1925, seeking an accounting by the defendant as to the sum of $150,000, alleged to have been received by the defendant in March, 1918, when acting as attorney for the plaintiff in the prosecuting of a claim against one Horatio G. Foss.

Against objection and subject to an appeal by the plaintiff, interlocutory decrees were entered framing issues for trial by jury; and motions by the plaintiff that the order stating the issues be vacated were denied.

Trial of the issues so framed was started before *Lummus*, J. Material evidence at the trial is stated in the opinion.

The plaintiff in direct examination had testified to illicit relations with "Mr. Blank" in February, 1917. In cross-examination, she stated "that from January, 1917, until she saw defendant she had had no relations with Blank." Subject to an exception by the plaintiff, she then was asked in cross-examination, "Then some two or three years afterwards, was it, that you resumed relations with Mr. Blank?" and answered, "In September, 1921."

During the trial, at the suggestion of the judge, the issues were reframed, the plaintiff consenting to the entry of the interlocutory decree so reframing the issues and to the sub-

mission of the new issues to the jury "subject only to her appeal on the sole ground that no issue should have been framed for or submitted to a jury."

The plaintiff asked for the following instructions, among others:

"2. The plaintiff has produced evidence from which, if believed, the jury could find that the defendant, as her attorney, received on or about March 26, 1918, $150,000 in settlement of her claim against Horatio G. Foss. The defendant has alleged in his answer that he received only $20,000 in said settlement. The defendant has the burden of showing by a fair preponderance of the evidence that he received only $20,000 in said settlement."

"8. If the jury find that the defendant made no record of the amount of money received by him in the settlement of the plaintiff's claim, and kept no receipts, vouchers or other written evidence of the disposition of the money so received, the jury may infer from such failure to keep, or from his failure to produce such records that the defendant did not act in good faith as the plaintiff's attorney in the settlement of her claim.

"9. The relation between the plaintiff and the defendant as client and attorney being highly fiduciary and confidential, the jury are entitled to draw inferences unfavorable to the defendant from the defendant's failure to produce any written evidence or disposition of the money received by the defendant in settlement of the plaintiff's claim."

These requests were refused.

Among other instructions given to the jury by the judge were the following upon the first issue:

"This first question asks you to determine the amount of money that Mr. Coakley actually received in the settlement of this case. The plaintiff urges you to answer that question '$150,000.' The defendant urges you to answer that question, '$20,000.' . . . It is for you to take the whole case and all the considerations that have been presented by anybody and everybody and all those that occur to you yourselves, and determine whether Mr. Coakley obtained $20,000 or $150,000 in this case. The burden of proof is on the

plaintiff to show by the greater weight of evidence that Mr. Coakley obtained more than he says he did. It is not for Mr. Coakley to show that he did not get $150,000. It is for the plaintiff to show that he did. If it should appear to you that it is just as likely that Mr. Coakley got it as that Mr. Baker or somebody else got it, that would not make out the plaintiff's case. The plaintiff has the burden of showing, not beyond a reasonable doubt, as it would be if it were a larceny case, but by the greater weight of evidence, by the fair preponderance of the evidence, that Mr. Coakley got more than he said he did. Before you could answer that question, '$150,000,' the plaintiff must show you by the greater weight of evidence that Mr. Coakley did get $150,000. If the plaintiff fails to show you by the greater weight of evidence that fact, then you will answer the question in accordance with the contention of the defendant, '$20,000.'"

The issues then submitted to the jury, and the jury's answers thereto, were as follows:

"1. What amount of money (apart from the $7,000 received directly by the plaintiff) did the defendant, on or about March 26 or 27, 1918, actually receive from Horatio G. Foss or his attorney Herbert L. Baker, in settlement of the plaintiff's claim against said Horatio G. Foss?" The jury answered: "$20,000."

"2. What amount of money (apart from the $7,000 received directly by the plaintiff) was represented by the defendant to the plaintiff, on or about March 26 or 27, 1918, as having been received by the defendant, or as being about to be received by the defendant, from Horatio G. Foss or his attorney Herbert L. Baker, in settlement of the plaintiff's claim against said Horatio G. Foss?" The jury answered: "$20,000."

"3. Did the defendant, on or about March 26 or 27, 1918, with intent to defraud the plaintiff, misrepresent to the plaintiff the amount of money received, or to be received, in settlement of the plaintiff's claim against Horatio G. Foss?" The jury answered: "No."

"4. Did the defendant, from March 26 or 27, 1918, or thereabouts, until some time within six years next preceding

the commencement of this suit, fraudulently conceal from the knowledge of the plaintiff the amount of money actually received by the defendant in settlement of the plaintiff's claim against Horatio G. Foss?" The jury answered: "No."

"5. Did the plaintiff and the defendant orally agree with each other that the defendant should be paid for his services in prosecuting the plaintiff's claim against Horatio G. Foss, one half the net amount that might be recovered or received upon said claim?" The jury answered: "Yes."

"6. Did the plaintiff consent that in the accounting between the plaintiff and the defendant the $7,000 received by the plaintiff directly from Mr. Blank should be considered as received as a part of the settlement of the plaintiff's claim against Horatio G. Foss?" The jury answered: "Yes."

"7. Did the plaintiff authorize the defendant to pay to the plaintiff's husband or his attorney the sum of $3,000 for said husband's release to Horatio G. Foss?" The jury answered: "Yes."

"8. Did the defendant pay to the plaintiff's husband or his attorney the sum of $3,000 for such release?" The jury answered: "Yes."

By order of *Bishop*, J., a final decree was entered dismissing the bill, with costs to the defendant, execution and operation thereof being stayed, under § 25A, added to G. L. c. 214, by St. 1926, c. 177, until the plaintiff's exceptions were disposed of.

The case was submitted on briefs.

*W. H. Garland*, for the plaintiff.

*J. P. Feeney* & *T. H. Mahony*, for the defendant.

WAIT, J.   After trial to a jury upon issues framed in the Superior Court, hearing upon the merits by a single judge of that court, and entry of a final decree dismissing the bill with costs, this cause is before us upon plaintiff's bill of exceptions claimed in the course of the jury trial and her appeal from the final decree, and from interlocutory decrees or orders made January 4, 1926, refusing to vacate the allowance of a motion for framing issues to a jury and refusing to take the bill as confessed.

The issues to a jury were allowed properly.

A bill for an accounting by a fiduciary is within the general jurisdiction of equity, *Dunne* v. *Cunningham*, 234 Mass. 332; and although in such cases no absolute right to a jury trial exists, *Parker* v. *Simpson*, 180 Mass. 334, the court has power, even of its own motion, to direct jury issues if in its judgment desirable. See *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 482.

No fact is set out which indicates abuse of discretion.

The bill of exceptions presents for determination whether the plaintiff has been prejudiced by the exclusion and admission of evidence and by the refusal to instruct the jury as requested. The bill alleged, and the plaintiff sought a finding, that the defendant, in March of 1918, received $150,000 in cash from one Baker, then acting as counsel for a person known throughout the trial as Mr. Blank. Baker died in November, 1919. A paper, purporting to be a receipt for $150,000 from Baker, reciting agreements in return for which the money was paid, dated March 26, 1918, and bearing the alleged signature of the defendant, was put in evidence. The defendant testified that the signature was not his and denied receiving the cash. Experts in handwriting on both sides testified that the signature was not the defendant's. Other than the signature, there was no evidence that the defendant signed the paper, had anything to do with it, or that he received $150,000. A witness testified that on March 26, 1918, he procured $150,000 in cash for Mr. Blank, went with him to Baker, saw the money handed to Baker, saw him count it, and heard him say there was $150,000. He was asked "Did Mr. Baker say anything in your presence at the time after he had counted the money as to what he was to do with the money?" On objection and after conference with the judge, the plaintiff offered to show that Baker said that the $150,-000 must "be paid to the woman Oda Pappathanos [the plaintiff] or to her attorney, and that a receipt was to be furnished to Mr. Blank." This was excluded. The bill of exceptions recites that the exclusion "was not based upon a finding of want of good faith upon the part of Baker in making the statement, but upon other grounds." The plaintiff contends that the exclusion of this evidence was error. No

citation of authorities is needed to show that, had Baker been living at the time of trial, this statement of his, made out of court and not in the presence of the defendant, would be inadmissible against the defendant. By G. L. c. 233, § 65, a declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant. The statute has no application to any rule of exclusion except that of hearsay. *Horan* v. *Boston Elevated Railway*, 237 Mass. 245. If on any other ground the evidence offered is objectionable, the statute does not render it admissible. *Evers* v. *Gilfoil*, 247 Mass. 219. We cannot say the judge was wrong in excluding the evidence as irrelevant, immaterial, and *res inter alios* when offered against Coakley.

We find no error in the admission of the question put to the plaintiff in cross-examination. The scope of cross-examination was within the discretion of the judge. *Ripley* v. *Taft*, 253 Mass. 490. The conduct of the plaintiff after 1918 well might affect the finding of the jury upon her good faith in the pending proceeding. There was no abuse of discretion in permitting the questions.

No error appears in the treatment of the plaintiff's requests for instructions numbered 2, 8 and 9. She asked the court to instruct: "2. The plaintiff has produced evidence from which, if believed, the jury could find that the defendant, as her attorney, received on or about March 26, 1918, $150,000 in settlement of her claim against . . . . The defendant has alleged in his answer that he received only $20,000 in said settlement. The defendant has the burden of showing by a fair preponderance of the evidence that he received only $20,000 in said settlement." The judge was justified in not giving this in terms. He could not be compelled to express the opinion on the facts which is implied in the first sentence. *Maidman* v. *Rose*, 253 Mass. 594, 596. He charged fully and sufficiently with regard to this matter. The plaintiff was not entitled to select the words he should use.

The instructions given sufficiently covered the rest of this request. The bill was for an accounting by a fiduciary.

The burden of proof in such a proceeding is on the accountant, after he has admitted the relation and the receipt of a certain sum, to prove that he has disposed properly of the amount for which he is accountable, and to show what that amount is. *Little* v: *Phipps,* 208 Mass. 331. Here, however, the judge was not charging with reference to the pleadings, but in respect to an issue framed for the jury. That issue was: "What amount of money, apart from the $7,000 received directly by the plaintiff, did the defendant on or about March 26 or 27, 1918, actually receive from Mr. Blank or his attorney, Herbert L. Baker, in settlement of the plaintiff's claim against said Mr. Blank?" Under it, in substance, both parties had affirmatives to maintain, and both bore appropriate burdens. The judge was right in instructing that the burden of proving the amount to be $150,000 was on the plaintiff. That was her assertion and her claim. The defendant could not be held to account for $150,000 unless she proved that he received it. The charge discriminated correctly between an accountant's burden and that of the plaintiff in fixing the amount to be accounted for. See *Dorr* v. *Tremont National Bank,* 128 Mass. 349, 358, *et seq.* Speaking generally, the burden of proof where issues are framed is on the plaintiff. The eighth and ninth requests were covered in substance by the instructions given. The judge, as just stated, was not bound to comment on particular aspects of the evidence. The other exceptions, not being argued, are treated as waived.

There is nothing in the record to control the findings of the jury. As all the evidence is not reported, they must stand. They sustain the decision embodied in the final decree. We discover no error of law.

*Exceptions overruled.*
*Orders and decrees affirmed with*
*costs of this appeal.*