444

# MYRA A. THOMAS v. RAYMOND WILLIAMSON.
## —431 S. W. (2d) 287.

Middle Section. February 23, 1968.

Rehearing Denied May 24, 1968.

Certiorari Denied by Supreme Court July 15, 1968.

James W. Buckner, Murfreesboro, for plaintiff in error.

Wilkes Coffey, Jr., Dicken E. Kidwell, Murfreesboro, for defendant in error.

SHRIVER, P.J. This is a suit by plaintiff below, defendant-in-error here, for damages for personal injuries received by him when riding as a passenger or guest on the rear of a motorcycle when it collided headon with the automobile owned and operated by Myra A. Thomas, defendant below, plaintiff-in-error here.

The parties will be referred to hereinafter as plaintiff and defendant as they appeared in the Court below, or by name.

The case was tried before the Honorable Richard F. LaRoche, Special Judge, and a jury, in the Circuit Court of Rutherford County and resulted in a verdict and judgment of $10,000.00 in favor of plaintiff, from which defendant has appealed in error and filed assignments.

The facts are virtually undisputed, the question raised by the assignments being whether or not the Trial Judge should have directed a verdict for the defendant because of proximate contributory negligence of the plaintiff which bars his recovery as a matter of law, and whether it was error for the Trial Judge to refuse to include in his charge to the jury certain special requests of defendant.

As hereinabove stated, the essential facts are not in dispute and may be summarized as follows:

On September 10, 1966, as is alleged in the declaration, plaintiff was riding as a passenger on the rear of a motorcycle being operated by Silas A. Haggard, Jr., and they were proceeding in a westwardly direction on Hoover's Gap Road in Rutherford County when they collided with the automobile owned and operated by the defendant at a point about 2 miles East of State Highway No. 231.

Plaintiff was 38 years old at the time, while the owner of the motorcycle was a young man 19 years old. They had been dove hunting, and about 5:00 P.M., after having milked the cows and completed some chores at plaintiff's home, got on the motorcycle and proceeded towards the home of the Haggard boy some 4 miles away. As they drove westwardly on Hoover's Gap Road they passed Jim H. Johnson and two other men, who also had been dove hunting, and waved to them, and, after proceeding around a curve in the road, they came to a stretch of road which was straight and level for about seven-tenths (7/10) of a mile. They were driving along on this straight stretch of smooth black-top road which is eighteen (18) feet wide with gravel shoulders some two feet in width on each side, when defendant, Myra A. Thomas, driving alone in her automobile and proceeding Eastwardly on said road, came around a curve and proceeded into the aforesaid straight stretch of road. She saw the motorcycle with Haggard and defendant riding on it approaching toward her on their left side of the road, in her lane of travel. Both vehicles continued in a straight line toward each other and Miss Thomas testified without contradiction that, as the motorcycle advanced toward her and continued on her side of the road, she thought at first that maybe the boys were playing a prank but continued to think that they would pull over to their side of the road. Finally, when the motorcycle was only about a car length away she cut her car to the left in an effort to avoid the collision but it was too late and the motorcycle crashed into the right front bumper and fender of her car throwing both the motorcycle riders off to their left side of the road. The driver of the motorcycle died the following morning as a result of his injuries while plaintiff sustained five broken ribs, a broken arm, a

broken leg and foot, a broken pelvic bone and a deep scalp wound, some of which injuries were permanent in nature.

Mr. Johnson, above referred to, who arrived at the scene of the accident four or five minutes after it happened, testified as to the position of the car, the motorcycle and the injured men. The car was on its left side of the road, as the defendant testified, but the debris and scuff marks on the road led from a point on defendant's right side of the road to the point where the car was stopped after the accident.

The defendant declined to estimate how fast she was driving at the time of the accident but did say that she was continuing at the same speed, did not apply her brakes, sound her horn, or take any other measures to avoid the accident except that, as hereinabove stated, she pulled to her left when the motorcycle was about one car length away.

There were no eye witnesses to the accident except the defendant, inasmuch as the plaintiff testified that he was not looking and never saw the automobile before the collision.

The plaintiff testified that, as they proceeded down the road, he was sitting behind the driver and braced himself in his position by putting his feet on some foot rests which were provided for that purpose, and, while there was no rear set on the motorcycle, he sat on the rear between two "saddle bags" and rested his right arm on one of them. When asked if he knew which side of the road the motorcycle was traveling on he replied that he did not. He also testified that he didn't know the position of defendant's automobile at or before the collision because he was not looking and never saw it. When asked

what he was doing he stated: "I was fooling with the radio". He went on to state that he had a transistor radio which he was trying to tune in and that as he held it in one hand and tried to tune it with the other, his attention was on the radio and, therefore, he did not see whether the motorcycle was on its left side or not or what caused the accident. He stated that he was thrown to his left side of the road and over against a barn. He was asked if he and the driver of the motorcycle were talking and he said that they were not, that he had said nothing at all to the driver and had not protested in any way at the way the motorcycle was being driven. In fact, "I never said a word to him."

He did testify that he had ridden on this motorcycle with Silas Haggard a number of times before and denied on cross-examination that Haggard had ever driven at excessive speed or recklessly so far as he knew.

From the foregoing facts was it the duty of the Trial Judge to direct a verdict for the defendant as is insisted by plaintiff-in-error here?

The assignments do not raise the question of proximate negligence, if any, on the part of the defendant Miss Thomas. Under the first assignment, it is insisted that plaintiff, by his own testimony, is shown to have been guilty of such proximate contributory negligence, as a matter of law, that his recovery is barred, and this confronts us with a very close and difficult question.

We start with the rule which has been stated and restated in numerous cases by this Court and the Supreme Court, and which is so well stated in the case of Poole v. First Nat. Bank of Smyrna, 29 Tenn.App. 327,

196 S.W.2d 563, in an opinion written by Judge Felts. In that case it was said that the Trial Judge and the Appellate Courts on review are required, in determining a motion for a directed verdict, to look to all the evidence, to take the strongest legitimate view in favor of the opponent of the motion, to allow all reasonable inferences from it in his favor, and to discard all countervailing evidence, and, if then, there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from whole evidence, the motion must be denied.

In other cases it has been stated that if there is any doubt a to the conclusion to be drawn from the evidence so that the minds of all reasonable men might not agree as to that conclusion, then it is a question for the jury.

We have searched the authorities, those in Tennessee and those from other jurisdictions, in an effort to pin down the rule with respect to the duty of a guest rider on a motorcycle with regard to keeping a lookout ahead, and otherwise exercising ordinary care, but have found very little to enlighten us on this precise point since most of the reported cases deal with guests in automobiles.

In the case of Tennessee Cent. Ry. Co. v. Melvin, 5 Tenn.App. 85, in an opinion by Presiding Judge Faw, it was said that ordinary care is required of a guest and a driver of an automobile but the conduct required to fulfill that duty may differ. The guest may to some extent, but not absolutely, rely on the driver to exercise reasonable care to avoid danger. In that case the court stated, with reference to contributory negligence of the deceased, that the issue should have been submitted to

the jury. In quoting from Berry on Automobiles, 2 Ed., Sec. 318 the Court observed that:

"It is negligence on the part of a passenger or guest to ride in a recklessly driven machine without doing what he reasonably can to cause it to be properly driven but that the legal standard of duty is defined in the same words, that is 'ordinary care' or 'reasonable care,' but the conduct required to fulfill that duty is usually different because the circumstances of the driver and guest are different."

In said case (Tennessee Cent. Ry. Co. v. Melvin) the Court refers to and discusses a decision by our Supreme Court in the case of Dedman v. Dedman, 155 Tenn. 241, 291 S.W. 449, where, in an opinion by Chief Justice Green the Court said:

"In all cases so far decided by this court the question of the guest's contributory negligence has been held to be one for the jury." And the Court so held in the Dedman case.

In dealing with this question in Renfro v. Keen, 19 Tenn.App. 345, 89 S.W.2d 170; this Court took occasion to say that it is only when facts are incontrovertible and such that all reasonable men must reach the same conclusion thereon that the question of negligence or contributory negligence becomes one for the Court as a question of law.

In the Renfro case there was a directed verdict for the defendant and this Court reversed and remanded for a new trial.

Lea v. Gentry, 167 Tenn. 664, 73 S.W.2d 170, deals with the question of contributory negligence on the part of a

guest in an automobile who was asleep at the time of the accident. In that case it was held:

"The distinctive principle is this:

When the facts show without dispute that the guest was conscious of the peril inherent in the driver's condition or conduct, the court may adjudge contributory negligence as a matter of law; but where either (1) the evidence is in conflict as to the facts of the occurrence, or (2) where reasonable minds may differ as to the effect of the undisputed facts of the situation disclosed on the consciousness of knowledge of the guest of the peril involved in the condition or conduct of the driver, then the question is one for the jury."

While all three members of this Court concur in the view that, if we had been members of the trial jury, we would have held out for a verdict in favor of the defendant based on the facts presented by this record. Nevertheless, we must now consider the question as to whether all reasonable minds must concur in the view that the plaintiff was guilty of such proximate contributory negligence as to bar his recovery as a matter of law. On this question, we are faced with the proposition that, after having been properly charged by the Trial Judge on the question of contributory negligence and the duty of the plaintiff in that regard, twelve jurors reached the conclusion that he was not guilty of such proximate contributory negligence as to bar his recovery, or that his negligence, if any, was not the proximate cause, or a proximate contributing cause of his injuries, and this verdict was approved by the Trial Judge.

It results that we overrule the assignments based upon the proposition of plaintiff's proximate contributory negligence.

■ There are two assignments based on the failure of the Trial Judge to charge special requests made by counsel for defendant. We overrule these assignments because it appears that the subject matter of said special requests were covered in the Charge of the Court.

■ The last assignment is as to the excessiveness of the verdict of $10,000.00. We must overrule this assignment because, when we take into consideration the age and physical condition of the plaintiff before the accident and his condition as a result of the accident, along with what must have been considerable pain and suffering, we are not prepared to say that the verdict is so excessive as to merit interference by us.

It results that all assignments are overruled and the judgment of the Trial Court is affirmed.

Affirmed.

Puryear and Todd, JJ., concur.

## ON PETITION TO REHEAR

Counsel for plaintiff-in-error, Myra A. Thomas, has filed a petition to rehear in which it is asserted that petitioner is left in grave doubt as to whether our failure to refer to certain authorities relied on by petitioner in support of her assignments in error was the result of a want of consideration through oversight or inadvertence, or whether this Court might consciously be of the opinion that an adult motorcycle passenger is under less duty and obligation to observe obvious danger and to protest or

remonstrate with his errant driver, than is true of an automobile passenger.

At another point petitioner asserts that it is evident that this Court has intended to adhere to a ruling which requires far less care and caution and remonstrance by a motorcycle passenger than has been required of an automobile passenger by the Supreme Court.

The petition states: ''In view of these omitted authorities, seemingly contrary to the ruling of the Honorable Court, your Petitioner respectfully and earnestly prays that she be granted a re-hearing of the case.'' The petition also seeks a further finding of facts by this Court.

We have given careful consideration to this petition and all three Judges have discussed it together in conference and are of opinion that it should be denied.

The original opinion filed herein refers to a number of authorities and discusses the rules laid down therein, and the mere fact that we did not discuss separately each and every authority cited by counsel is not to be construed as meaning that the Court did not consider all such authorities as were cited.

Petitioner relies heavily on the case of Louisville & Nashville R. R. Co. v. Anderson, 159 Tenn. 55, 15 S.W.2d 753, in which a passenger riding on the rear seat of an automobile was held guilty of such contributory negligence as to bar recovery when he failed to observe and to remonstrate with the driver who proceeded slowly and without stopping onto a railroad crossing.

Louisville & Nashville R. R. Co. v. Anderson is a landmark decision in Tennessee and has been considered by this Court in numerous cases including the one at bar.

We think said case is distinguishable from the case at bar in several particulars. In the first place a railroad, which is a permanent fixture, has been held many times to be an admonition of danger to those approaching it at a grade crossing. It is pointed out in the Court's opinion in that case that the crossing was a familiar one to the plaintiff, Anderson, and that shortly before the accident, he had commented about a train on one of the tracks. Said crossing was protected by an electric wigwag signal which was installed over the roadway and which was swinging to and fro accompanied by the sound of a gong, all of which was working at the time of the accident. The Court specifically found that Anderson was "Therefore, aware that they were approaching the crossing" and, further, that it appeared obvious that the driver was not going to stop, as he was required by law to do, and that, under these circumstances, it was the duty of the guest to admonish the driver. His failure to do so was held to be proximate contributory negligence that barred his recovery.

The facts in the case at bar are readily distinguishable from those mentioned above.

In the Anderson case reference is made to Knoxville Railway & Light Company v. Vangilder, 132 Tenn. 487, 178 S.W. 1117, L.R.A.1916A, 1111, another leading case in Tennessee, where it was held that a passenger, or guest, may rely upon the assumption that the driver of an automobile will exercise proper care and caution unless the danger is obvious or is known to the passenger or guest. Reference is also made to Dedman v. Dedman, 155 Tenn. 241, 291 S.W. 449 in which contributory negligence of a guest passenger was alleged where the car was being driven at an unlawful rate of speed, thus caus-

ing the accident, and the Court held that the question of contributory negligence was for the jury.

■ The opinion of this Court should not be construed, and we think cannot be reasonably construed, to hold that less care and caution is required of a motorcycle passenger than that required of an automobile passenger.

We have assumed that the same rule as to due care applies to a guest on a motorcycle as that which applies to a guest in an automobile. Common experience does not come to the aid of the Court with respect to operating and riding on a motorcycle as in the case of an automobile. And there is no showing in the instant case that we consider sufficient to justify laying down a different rule of care as respects a passenger on a motorcycle.

It must be conceded that if a harsher rule applies to guests on motorcycles than to guests in automobiles then a directed verdict for the defendant would have been proper. So far, we have found no authorities to support such position and, therefore, have not applied the harsher rule to the motorcycle guest rider.

We think our original opinion sufficiently considers and deals with the facts of the case, therefore, the request for additional findings of fact is denied, as is the petition to rehear.