### 13822. HARRIS *v.* REID.

1. " One riding by invitation in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297).

2. " Gross neglect is the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property." Civil Code (1910), § 3473. While this and the preceding sections define the different degrees of diligence and negligence in terms of property, the rules thus codified have been " recognized as extending with

equal force to diligence to prevent injury to the person." *Ala. Mid-land Ry. Co.* v. *Guilford,* 119 *Ga.* 523, 525 (46 S. E. 655, 656); Civil Code (1910), § 3472. The distinction between gross negligence and the lack of ordinary care, while not applied in some jurisdictions, is well recognized in this State. *Insurance Company of North America* v. *Leader,* 121 *Ga.* 260, 272 (48 S. E. 972); *Seaboard Air-Line Ry.* v. *Cauthen,* 115 *Ga.* 422 (1), 423 (41 S. E. 653). "Gross negligence," as applicable to particular facts and circumstances, in those jurisdictions where it is recognized is also defined as "the want of slight care and diligence," "such care as careless and inattentive persons would usually exercise under the circumstances," "want of that diligence which even careless men are accustomed to exercise," "carelessness manifestly materially greater than want of common prudence," "the entire absence of care." 2 Words & Phrases (2d Series), 787-789, 792. Many authorities regard gross negligence as the equivalent of wilful and wanton negligence, although in this State it is not so accounted, unless the evidence indicates "that entire absence of care which would raise the presumption of conscious indifference," or that, with reckless indifference, the person acted with actual or imputed knowledge that the inevitable or probable consequence of his conduct would be to inflict injury. *So. Ry. Co.* v. *Davis,* 132 *Ga.* 812, 815, 818 (65 S. E. 131); *So. Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000).

3. The petition not being supported by any evidence which could have authorized the jury to find that the proved acts and conduct of the defendant constituted gross negligence, the court did not err in granting a nonsuit.

DECIDED APRIL 14, 1923.

Action for damages; from city court of LaGrange — Judge Duke Davis. June 16, 1922.

The plaintiff sued for damages on account of personal injuries, alleged to have been sustained on June 5, 1921, while she was riding in an automobile as a gratuitous invited guest of the defendant. The petition charges that the defendant, while driving her automobile upon the public highway at a rate of speed of "about 35 miles an hour," overtook and passed another automobile on the right-hand side, and, in doing so, scraped the fenders of the other car, and that "just after" this and while traveling at the rate of approximately 40 miles an hour, defendant turned her head to look back, and caused her automobile to run off an embankment, thereby inflicting described injuries upon the plaintiff. Negligence is alleged as follows: (1) in operating the automobile at said rate of speed while passing said car on the highway, (2) in passing said other car on the right side; (3) in driving her said automobile so near said car as to scrape its fenders; and .

(4) in turning and looking back while operating her automobile at said rate of speed, and in thereby causing it to run over said embankment and to turn over. By amendment the original allegation to the effect that the other car was passed on the right side was stricken, and the averment was made that it was passed on the left or correct side, and it was alleged that the remaining acts of negligence complained of in the original petition constituted a gross lack of care.

It appears from the testimony of the plaintiff (the only witness) that at the time of the injury the car was traveling in a straight and smooth country road, and that the act of striking the other car, the admonition uttered by the plaintiff from the rear seat to "look out," the momentary glance backward by the defendant, and the act of going over what was designated as a slight embankment, followed in practically immediate succession. The plaintiff did not attempt to show whether the defendant's glance backward was due to the scraping of the cars, or to the plaintiff's uttered admonition, or to a combination of these causes. The evidence does not disclose what part of the road the other car occupied, or whether the act of the defendant in striking the other car was due to the manner in which the defendant's car was operated, or whether it might have been attributable to some act of the other driver. The plaintiff testified, that, although she looked at the speedometer at a point about 200 or 300 yards from the scene of the accident, and therefore knew the speed at which the defendant's car was traveling, and although the defendant herself commented upon the speed at that time, she (the plaintiff) made no protest and said nothing to the defendant with reference thereto. The allegation in the amendment to the petition, that the running of the car at the alleged speed was "over the protest of plaintiff," is not sustained by any of the testimony. The plaintiff testified that after striking the other car all the occupants of the defendant's car, including the plaintiff and the defendant, looked back. In her evidence she made the general statement that on the occasion in question the defendant "was driving the car all right," and that she had often ridden with the defendant previously. At the conclusion of the plaintiff's evidence the court granted a nonsuit, on the motion of the defendant.

*L. B. Wyatt, M. U. Mooty,* for plaintiff.

*Middlebrooks & Middlebrooks, A. H. Thompson,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) It is unnecessary to determine whether, under the circumstances related, the failure of the plaintiff to protest against the rate of speed at which the automobile was being driven constituted acquiescence in the defendant's conduct, such as would prevent her from asserting liability therefor. See, in this connection, *Epps* v. *Parrish,* 26 *Ga. App.* 399, 400 (106 S. E. 297); Beard *v.* Klusmeier, 158 Ky. 153 (164 S. W. 319), 50 L. R. A. (N. S.) 1100, 1102, 1103, Ann. Cas. 1915D, 342); Fitzjarrell *v.* Boyd, 123 Md. 497 (91 Atl. 547; see L. R. A. 1916E, 1193). This for the reason that, conceding that the proved acts and conduct of the defendant constituted the proximate cause of the injury, it could not properly be held that such acts and conduct, taken separately or together, evidenced "the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property." The speed at which she was driving and the fact that in some wholly unexplained manner she scraped the fender of the other car, could not possibly be held to prove that the defendant was operating the car without the existence of even a "slight" degree of care. Nor can it be said that the fact that the defendant, in the emergency and under the sudden excitement attendant upon scraping the other car, and the admonition which was then uttered by the plaintiff, obeyed the promptings of a natural and humane instinct by momentarily glancing back at the other car and its occupants, evidences an entire lack of even slight prudence such as would constitute gross negligence. See, also, Massaletti *v.* Fitzroy, 228 Mass. 487 (118 N. E. 168), L. R. A. 1918C, 264, case notes, 276; L. R. A. 1916E, case notes, 1193; 50 L. R. A. (N. S.), case notes, 1100; citations vol. 1, Supp. R. C. L., 740 (§ 38).

*Judgment affirmed. Stephens and Bell, JJ., concur.*