18465. HALL, administrator, *v.* SLATON.

STEPHENS, J. 1. The Supreme Court, having in the case of *Slaton* v. *Hall*, 168 *Ga.* 710 (148 S. E. 741), reversed the judgment of this court in *Hall* v. *Slaton*, 38 *Ga. App.* 619 (144 S. E. 827), in so far as it was based upon paragraphs 1, 2, and 8 of the decision, and held that the non-statutory law of Alabama, as construed and interpreted by the courts of that State, can not be proved as the law applicable to a tort action arising in that State upon a trial of a suit upon this cause of action in the courts of this State, but that the non-statutory law applicable to the case as applied in the forum of this State is the non-statutory law of this State as construed and interpreted by the courts of this State, the trial court did not err in striking, on demurrer, the paragraphs of the plaintiff's petition in which the plaintiff pleaded the non-statutory law of the State of Alabama as construed by the courts of that State. Therefore paragraphs 1, 2, and 8 of the decision of this court in *Hall* v. *Slaton*, 38 *Ga. App.* 619, supra, in so far as they conflict with this ruling of the Supreme Court, are revoked and overruled. See, in this connection, Restatement of Conflict of Laws by The American Law Institute (1929), §§ 653-657; Forepaugh *v.* Del. &c. R. Co., 128 Pa. 217 (18 Atl. 503, 5 L. R. A. 508, 15 Am. St. R. 672).

2. The plaintiff's petition having alleged, and the evidence adduced upon the trial, as narrated in paragraph 6 of the former decision in this case, supra, being sufficient to authorize the inference that the plaintiff's intestate met his death as a result of the gross negligence and wanton conduct of the defendant in operating the automobile in which the plaintiff's intestate was riding as the defendant's guest, the evidence was sufficient to authorize a recovery for the plaintiff, under the rulings of this court in *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. 297), *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S. E. 256), and *Peavy* v. *Peavy*, 36 *Ga. App.* 202 (136 S. E. 96), in which it was held that, be-

fore a guest of the driver of an automobile can recover for injuries received as a result of the operation of the automobile, it must appear that the driver was guilty of gross negligence. The court erred in awarding a nonsuit.

3. In addition to the rulings here made, paragraphs 3, 4, 5 and 6 of the former decision in this case as reported in 38 *Ga. App.* 619 (supra), are approved and made the law of this case.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 24, 1929.

*Hugh Reed, Porter & Mebane,* for plaintiff.
*Wright, Wright & Covington,* for defendant.