### 21343. WACHTEL *v.* BLOCH.

DECIDED SEPTEMBER 4, 1931.

*Jones, Jones, Johnston & Russell, Charles·M. Cork,* for plaintiff.
*Harris, Harris & Popper,* for defendant.

LUKE, J. Mrs. Gus Wachtel sued Earl H. Bloch for damages alleged to have been sustained by her while riding with him in his automobile as his invited guest. The jury found for the defendant, and the exception here is to the judgment overruling the motion for a new trial.

The substance of the evidence shedding light upon the questions to be considered appears from the following statement: Prior to and at the time of the accident the plaintiff was the defendant's invited guest, riding with him on the rear seat of his automobile. Milton Fried, the only other member of the party, was the defendant's friend, and was driving the car at his request. The road being traversed was an unpaved country road, winding, somewhat hilly, and containing many small wooden bridges. The automobile was traveling at a rate of speed somewhere between thirty-five and forty miles an hour. It was equipped with a device to make it ride more easily "by giving it more swing." The accident occurred at a point a few miles from the City of Macon, at the foot of a hill where the road joined a wooden bridge. Fried was an experienced driver and had traveled this road before. Fried testified in part as follows: "We knew the device would give the car much easier riding by giving it more swing. . . Mr. Bloch asked me to do the driving. . . The road leading to that bridge is down hill, with a right-hand curve . . and turning slightly to the left. . . I think the bump occurred just as we were entering the bridge. . . Before this accident occurred, Mrs. Wachtel had made some comment about the way I was driving. Mrs. Wachtel said: 'Slow down.' She was afraid she was going to get hurt, and I answered I knew how to drive and would take care of her. At the time the car was being driven· around thirty-five or forty miles an hour.

. . When the accident occurred I was traveling around the same rate of speed. . . That is a regular dirt road. It is sand-clay, with a good deal of rocks. . . As I came upon that bridge, there was a swinging of the car. We were going down a hill approaching a bridge."

We next quote briefly from the testimony of the defendant: "As we got to the dirt road, she told Mr. Fried not to drive so fast, she was nervous. . . I think he said: 'I can drive a car all right; I am not going to hurt you.' . . I don't know how many times Mrs. Wachtel suggested he should reduce his speed, but I think it was once or twice. . . I don't know whether it was more or not. On front of the back seat there is a bar. When this bump hit, I grabbed the bar. . . I gave no direction to Mr. Fried about how to drive. He was an expert driver so far as I knew."

The following is a part of the testimony of the plaintiff: "I repeatedly requested, and in fact insisted, that afternoon that Mr. Fried should drive slowly. . . Mr. Fried remarked that he knew how to drive . . and would certainly take care of me. Mr. Fried reduced the speed of the car at certain times when I asked him to, but then, of course, he drove the car faster. . . There were quite a few curves in the road. . . There was down and up hill to some extent. Just prior to the accident, I imagine the speed of the automobile . . was between thirty-five and forty miles an hour, or perhaps more. I recall some request to Mr. Fried just about that time in regard to the speed of the car before I stepped into the car, and after. . . We were driving along, I presume, at the rate of forty miles an hour, and we went over this place, and my head knocked the top of the car." Plaintiff further testified that she was seriously injured.

The general grounds are not insisted upon, and, if they were, such insistence would not be meritorious. The controlling question here is presented by the special grounds, the first three of which complain of charges of the court to the effect that the plaintiff could not recover unless the defendant was "guilty of gross negligence." The contention of the plaintiff in error appears from the following statement in the first special ground: "The court should have qualified and limited said charge by instructing the jury that movant was entitled to recover for ordinary negli-

gence . . if the jury should find from the evidence that movant was . . an unwilling guest in defendant's automobile, or if . . movant was at the time of the accident denied a voice in the direction and control of what was at the beginning of the automobile ride a common enterprise." The last two special grounds complain that the court refused to give charges exemplifying the above insistence.

The rule prevailing in this State is expressed in the case of *Epps* v. *Parrish,* 26 *Ga. App.* 399 in this language: "One riding by invitation and gratuitously in another's automobile can not recover 'for injury caused by the other's negligence in driving, unless it amounted to gross negligence." This rule has been applied in numerous cases, among them *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256); *Peavy* v. *Peavy,* 36 *Ga. App.* 202 (136 S. E. 96); *Blanchard* v. *Ogletree,* 41 *Ga. App.* 4 (152 S. E. 116).

It is true, however, that the status of the invited guest may be so changed in cases similar to the one under consideration that the defendant is bound to exercise ordinary care to avoid injury to his guest. For instance, it was held in the *Ogletree* case, supra, that an allegation in a petition that the guest "had protested against the rate of speed at which the defendant drove the automobile, and sought to leave the vehicle, but the defendant refused to permit her to do so," was sufficient to invoke ordinary care on the part of the defendant.

We do not think that the protests of the plaintiff (which she says were complied with at certain times) were, under the facts of the case at bar, sufficient to bring this case from under the rule stated in the *Epps* case, supra. Therefore we hold that the court correctly instructed the jury that the plaintiff could not recover unless the defendant was grossly negligent. If this conclusion be correct, the court did not err in refusing to charge the theory of ordinary care invoked by the requests to charge.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*