24275. TUCKER *v.* ANDREWS.

Decided June 27, 1935. Rehearing denied October 4, 1935.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiff in error.

*Branch & Howard, E. L. Tiller,* contra.

Per Curiam. This is a suit by a guest against the driver (and wife of the owner) of an automobile for injuries received by the plaintiff while riding therein; the plaintiff being the mother of the defendant. The evidence discloses that the plaintiff and the defendant were riding on the front seat, and two small children of the defendant were riding in the back seat, of the car, which was traveling at the rate of about 25 miles an hour. A bottle of milk was on the floor of the car in the back, and just as the car left a bridge one of the children informed the defendant that the milk had turned over. The defendant looked back to see about the milk, and while she was so looking the car struck a telegraph pole beside the road, resulting in injuries to the plaintiff. The evidence discloses that the distance from the bridge, where the milk turned over, to the telegraph pole with which the car came in contact was approximately 140 feet, and that the time that the defendant's head was turned backward "could not have been over three seconds." At the conclusion of the evidence for the plaintiff the defendant made a motion for a nonsuit, which was overruled, and on this ruling the defendant assigns error.

The plaintiff being an invited guest at the time of the injury, in order for her to recover it was necessary that she show gross negligence by the defendant, and the petition alleged that the defendant was guilty of such negligence. We do not think that the evidence adduced showed that the defendant was guilty of gross negligence; and therefore the court erred in overruling the motion

for a nonsuit. The error just pointed out rendered the further proceedings in the case nugatory.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur. Guerry, J., dissents.*

GUERRY, J., dissenting. I can not concur in the majority opinion. The suit was against the driver of an automobile, by a gratuitous passenger, for alleged gross negligence in operating the car. The defendant driver upon the outcry of one of her children riding on the back seat of the car, "Mother, the milk has turned over," turned her head to look in the bottom of the car in the back, and, although she was traveling at the rate of 25 miles per hour and was entering a sharp curve in the road with which she was familiar, kept her head turned until the car traveled 140 feet, where it struck a telephone post on the side of the paved road and caused the injuries complained of to her guest riding beside her on the front seat of the car. The driver kept her head turned "at least three seconds" and never did see the post she struck. There was nothing to prevent her from seeing and avoiding the post, except the failure to look "where she was going." She testified: "I turned my head and kept it turned several seconds—I just calmly turned my head: I was not excited, I was not nervous. . . I looked back and did not turn the car to take the curve."

A gratuitous guest riding in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence. *Epps v. Parrish,* 26 *Ga. App.* 399 (106 S. E. 297); *Harris v. Reid,* 30 *Ga. App.* 187 (117 S. E. 256); *Peavy v. Peavy,* 36 *Ga. App.* 202 (136 S. E. 96); *Hall v. Slaton,* 38 *Ga. App.* 619 (144 S. E. 827), s. c. 40 *Ga. App.* 288 (149 S. E. 306); *Slaton v. Hall,* 168 *Ga.* 710 (148 S. E. 741, 73 A. L. R. 891); *Pitcher v. Curtis,* 43 *Ga. App.* 622 (159 S. E. 783); *McDuffie v. Childs,* 43 *Ga. App.* 37 (157 S. E. 900); *Poole v. Yawn,* 45 *Ga. App.* 58 (163 S. E. 315); *Rosenhoff v. Schaul,* 42 *Ga. App.* 776 (157 S. E. 215); *Blanchard v. Ogletree,* 41 *Ga. App.* 4 (152 S. E. 116); *Meddin v. Karsman,* 41 *Ga. App.* 282 (152 S. E. 601); *Luxenburg v. Aycock,* 41 *Ga. App.* 722 (154 S. E. 460); *Wachtel v. Block,* 43 *Ga. App.* 756 (160 S. E. 97); *West v. Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808); *Smith v. Hodges,* 44 *Ga. App.* 318 (161 S. E. 284); *Townsend v. Minge,* 44 *Ga. App.* 453 (161 S. E. 661); *Yearwood v. Yearwood,* 45 *Ga. App.* 203 (164 S.

E. 105). It is insisted by plaintiff in error that under the decision in *Harris* v. *Reid,* supra, there was such an emergency and sudden excitement attendant upon the turning over of the milk and the exclamation of the child, which caused the defendant to obey the prompting of a natural and humane instinct by *momentarily* glancing back to see what had happened, that such conduct could not, as a matter of law, be termed gross negligence. It appears in the *Harris* case, supra, that there was a momentary glancing back because the car in which the defendant was riding had scraped fenders with another car it had passed, and the wreck causing the injury occurred immediately thereafter. We recognize that the expressions "momentarily" and "immediately" are relative terms and may have different meaning, as is evidenced by the other circumstances happening at the same time, or by the witness or person using them. A momentary glancing back in a sudden emergency, as where another car has been struck in passing and the wreck following in "practically immediate succession," as was said in the *Harris* case, does not constitute gross negligence, but such are not the exact circumstances that were developed upon the trial of the case at bar. Here the car traveled 130 feet from the point where the exclamation was made, and the momentary glancing back occurred at the point of the collision. Three seconds at least elapsed during which time the driver of the car was continuously looking back, and the car traveled 130 feet and the driver never did see the post which was struck. Nor was the speed of the car slackened. This court has differentiated the facts in the *Harris* case, in *Pitcher* v. *Curtis,* supra; for it was said there that "in the *Harris* case the defendant's looking back was a mere glance and was a perfectly natural circumstance. . . A slight difference in facts may work a very material difference in the legal result, and this is especially true in tort cases." It has been decided too many times to need any citation of authorities that questions of negligence and diligence, and even of gross negligence and slight diligence, are matters to be determined by the jury, except in plain and indisputable cases, in which the court may solve questions as a matter of law. Gross negligence is defined in the Code of 1910, § 3473, as "the want of that care which every man of common sense how inattentive soever he may be, takes of his own property." (See Code of 1933, § 105-203.) In one of the cases cited by counsel

for plaintiff in error, Silver v. Silver, 108 Conn. 371 (143 Atl. 240), it will be noted that in Connecticut, cases of this kind are governed by a special statute, and before a guest may recover from the owner or driver, the negligence must be wilful and wanton. South Carolina has a similar statute and the negligence there must be. wilful and wanton before a recovery may be had. See, in this connection, *Lee* v. *Lott,* 50 *Ga. App.* 39 (177 S. E. 92). "Many authorities regard gross negligence as the equivalent of wilful and wanton negligence, although in this State it is not so accounted, unless the evidence indicates 'that entire absence of care which would raise a presumption of conscious indifference,'" or that with reckless indifference the person acted with actual or imputed knowledge that the inevitable or probable consequence of his conduct was to inflict injury. *Harris* v. *Reid,* supra. See also *Southern Ry. Co.* v. *Davis,* 132 *Ga.* 812 (65 S. E. 131). A motion for a nonsuit is in effect a demurrer to the evidence. We can not say as a matter of law that a petition pleading the facts as here developed would be subject to general demurrer. As was said by Bleckley, J., in *Vickers* v. *Atlanta & West Point R. Co.,* 64 *Ga.* 306: "Nonsuit is a process of legal mechanics: the case is chopped off. Only in a clear gross case is this mechanical treatment proper. When there is any doubt another method is to be used—a method involving a sort of mental chemistry; and the chemists of the law are the jury. They are supposed to be able to examine every molecule of the evidence and to feel every shock and tremor of its probative value." The jury returned a verdict for the plaintiff, which is not excepted to except as an assignment of error to a final judgment, and the real error complained of is the overruling of the motion for nonsuit. The court did not err in overruling that motion.

## ON MOTION FOR REHEARING.

MacIntyre, J. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving unless it amounts to gross negligence." *Epps* v. *Parrish,* 26 *Ga. App.* 399 (supra). Massachusetts is one of those States in which it is held that the driver of an automobile taking a gratuitous passenger is liable only in case of gross negligence. In Massaletti v. Fitzroy, 228 Mass. 487 (118 N. E. 168, Ann. Cas. 1918B, 1088), which is one of the leading cases on the subject of what is gross negligence with reference to

the operation of an automobile, it was decided that "The measure of liability of one who undertakes to carry a person gratis is the same as that of one who undertakes to keep goods gratis." In the opinion it was said: "Justice requires that the one who undertakes to perform a duty gratuitously should not be under the same measure of obligation as one who enters upon the same undertaking for pay. There is an inherent difficulty in stating the difference between the measure of duty which is assumed in the two cases. But justice requires that to make out liability in case of a gratuitous undertaking, the plaintiff ought to prove a materially greater degree of negligence than he has to prove where the defendant is to be paid for doing the same thing. It is a distinction which seventy-five years of practice in this Commonwealth has shown is not too indefinite a one to be drawn by the judge and agreed upon by the jury." While admitting the inherent impossibility of defining gross negligence with the utmost precision, the Supreme Court of Vermont, in Shaw v. Moore, 104 Vt. 529 (162 Atl. 373), has adopted this definition: "Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man. But it falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from wilful and intentional conduct which is or ought to be known to have a tendency to injure." See, also Lee v. Chamberlain, 84 N. H. 182 (148 Atl. 466), where practically the same definition of gross negligence was given. In Anderson v. Olson (Vt.), 169 Atl. 781, it

was held: "Automobile driver's mere error in judgment, momentary inattention, or loss of presence of mind, does not indicate such indifference to duty owed guests or forgetfulness of latter's safety as to authorize guest's recovery for the resulting injuries on the ground of gross negligence." In Craig v. McAtee, 160 Wash. 330 (295 Pac. 146), it appeared that "the defendant Mary McAtee drove the said automobile at the extreme right-hand edge of the highway, on account of traffic on Fourth Avenue South, at a speed of not less than twenty-five miles per hour; that while so driving, the said Mary McAtee took her right hand off the wheel and felt in her lap for her handbag; that she was a little startled that it was not there; not finding the handbag in her lap the said Mary McAtee thereupon took her eyes off the road to look for said handbag and found that it had slipped off from her lap and was on her right-hand side, and that she put her hand on the bag, and the crash occurred immediately thereafter; that the time she had her eyes off the road was two or three times longer than it would have taken her to look down at an object and look back on the road; that while thus driving with her left hand and with her eyes off from the highway and the direction in which she was going, and while looking for her handbag, the said defendant Mary McAtee drove said automobile at the rate of speed above mentioned into one of the said telephone poles on the east side of the said Fourth Avenue South." It was held that gross negligence was not shown and that a verdict should have been directed for the defendant. In *Southern Railway Co.* v. *Davis, 132 Ga.* 812 (supra), it was said: "Our own Code declares that 'Ordinary diligence is that care which every prudent man takes of his own property of a similar nature. The absence of such diligence is termed ordinary neglect.' Civil Code [1895], § 2898 [Code of 1933, § 105-201]. 'Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property. The absence of such diligence is termed slight neglect.' § 2899 [Code of 1933, § 105-202]. 'Gross neglect is the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property.' § 2900 [Code of 1933, § 105-203]. These are different degrees of negligence as recognized in the law of this State." I do not think that it can be said, under the facts and circumstances of this case, where the defend-

ant was informed that the baby's milk had turned over and she looked back to see about the milk, which took two or three or perhaps four seconds, that this was such gross negligence as would authorize a recovery. "There must be something more than an error in judgment, momentary inattention, or loss of presence of mind, in circumstances such as these, in order that there may be indicated an indifference to the duty owed to a guest or an utter forgetfulness of his safety." Anderson *v*. Olson, supra. In fact it seems to me that the looking back of the defendant to see about the milk, immediately upon being told of the mishap, was instinctive and a natural impulse. The facts in this case indicate that the defendant's attention was distracted from the road momentarily. This lack of attention is, in my opinion, the crucial point in the case, as it can not be held that the speed was excessive under the circumstances; nor were there any other acts of the defendant which of themselves constituted gross negligence, or even ordinary negligence. The writer does not think there was anything which indicated an indifference to the duty owed the guest or utter forgetfulness of her safety.

*Rehearing denied. Broyles, C. J., concurs. Guerry, J., dissents.*