## 24666. SOUTHERN RAILWAY COMPANY et al. v. KELLEY.

DECIDED NOVEMBER 18, 1935.

*Arnold & Battle, J. W. Culpepper,* for plaintiffs in error.

*V. E. Adams, W. B. Hollingsworth,* contra.

JENKINS, P. J. This was a suit for personal injuries. The petition alleged that, at about 11 or 12 o'clock at night the plaintiff "suffered an attack of vertigo or fainting spell and collapsed while crossing defendant's track at a 'regular' crossing where the public has crossed said railroad tracks for perhaps twenty or twenty-five years or longer," that he lay on the tracks "in an unconscious condition for some two or three hours," when the train "running up grade ran over him," he being visible from the engine for a distance of 300 yards; that the footpath or walkway on which he was crossing the tracks, although in a rural section, was used by the public generally "with the full knowledge and consent" of the railway company and its co-defendant engineer who was in charge of the locomotive. The petition charges that the acts and omissions of the defendants were "gross negligence." It is not alleged that the defendants ever actually saw the plaintiff or were guilty of any wilful or wanton misconduct. The negligence charged is the failure to keep a lookout for the plaintiff and the public in general at the crossing, the failure to see him in his helpless condition and stop the train, and the failure to render him assistance after he had been injured. The defendants demurred generally

and specially to the petition, including the averments of negligence in failing to assist the plaintiff after he had been injured. There is no allegation that they saw him after he was struck.

1. Ordinarily the servants of a railway company are not bound to anticipate the presence of a trespasser on or about its tracks, and the duty of exercising ordinary care in order to protect such a trespasser does not generally arise until after his presence has been actually discovered. *So. Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675); *Nashville &c. Ry. Co.* v. *Priest,* 117 *Ga.* 767 (45 S. E. 35); *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274); *Hammontree* v. *So. Ry. Co.,* 45 *Ga. App.* 728 (165 S. E. 913); *Tice* v. *Central of Ga. Ry. Co.,* 25 *Ga. App.* 346 (103 S. E. 262). Where, however, from the locality, circumstances, and known habits of the public generally, there is reason to apprehend that the track in front of the locomotive may not be clear of human beings, then the duty of anticipating the presence of and danger to such trespassers devolves on the employees of the company operating the train. *Southern Ry. Co.* v. *Chatman,* supra. Whether the locality, the time, and the circumstances of an injury to one using the right of way, and the known habits and frequency of the public in using it, create such a condition as will charge the servants of the company operating the locomotive with the special duty of looking out for the presence of a trespasser at the time and place of the injury, is generally a question for the jury, in the light of all the evidence introduced. *Crawford* v. *So. Ry. Co.,* 106 *Ga.* 870 (33 S. E. 826); *Wright* v. *So. Ry. Co.,* 139 *Ga.* 448 (77 S. E. 384); *Pope* v. *Seaboard Air-Line Ry.,* 21 *Ga. App.* 251 (94 S. E. 311). While the mere failure of the employees of a railway company to discover the presence of a trespasser at a place where and a time when it was their duty to anticipate his presence might amount to a lack of ordinary care on the part of the company, it would not ordinarily and in and of itself amount to wilful and wanton misconduct, so as to render the company liable in a case where the injured person himself was guilty of a lack of ordinary care. *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924). If, however, the presence of a trespasser on the track at the time and place of the injury is brought about by peculiar facts and circumstances which relieve him from the guilt

of a lack of ordinary care in thus exposing himself, the company might be liable for a mere lack of ordinary care on its part in failing to anticipate his presence at a time when and a place where it was charged with such duty, and in thereafter failing to take such proper precautions for his safety as might seem reasonably necessary. *Parish* v. *Western & Atlantic R. Co.*, 102 *Ga.* 285 (29 S. E. 715, 40 L. R. A. 364); *Atlantic Coast Line · R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274); *Fairburn & Atlanta Ry. Co.* v. *Lathem,* 26 *Ga. App.* 698 (107 S. E. 88); *Hammontree* v. *Southern Ry. Co.,* 45 *Ga. App.* 728 (1) (165 S. E. 913).

2. The petition here does not charge wilful and wanton misconduct, but charges gross negligence in not anticipating the presence of the plaintiff at the time and place of the injury. Negligence, including gross negligence, and wilful and wanton misconduct, are not construed in this State as synonymous terms. ·*Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256); *Central of Ga. Ry. Co.* v. *Stamps,* 48 *Ga. App.* 309 (5) (172 S. E. 806); *Buffington* v. *A. B. & C. R. Co.,* 47 *Ga. App.* 85, 88 (2), 89 (169 S. E. 756), and cit. Accordingly, inasmuch as the petition does not allege actual knowledge of the plaintiff's presence as a trespasser on the track, at the time and place where it is charged it was the duty of the defendants to anticipate such presence, and does not allege wilful and wanton misconduct in failing thereafter to take proper steps to avoid the injury, no cause of action would be set forth except for the fact that the plaintiff made allegations of peculiar facts and circumstances such as might in the opinion of the jury free him from the guilt of a lack of ordinary care in thus exposing himself. While it is true, as contended by defendants' counsel, that in the absence of actual knowledge by the railway company of the presence of the trespasser at a time and place requiring it to anticipate his presence, the duty of those in charge of the train would be the same, to wit, the duty of exercising ordinary care, whether the presence of the trespasser on the track was or was not brought about by his own lack of ordinary care, it is also true that a lack of ordinary care on the part of the railway company in failing to anticipate his presence would not render it liable, where the trespasser was himself guilty of a lack of ordinary care in exposing himself to such peril, but might

render the company liable if the presence of the trespasser on the track at such a time and place was free from a lack of ordinary care on the trespasser's part. Under these principles it was a question for the jury whether it was the duty of the defendants to anticipate the presence of the plaintiff at the time and place of the injury under the facts alleged, including the averments that it occurred about 2 o'clock at night in a rural section while the plaintiff was prone on the track, but at a place where the public had customarily crossed with the knowledge and consent of the defendants, it was also a question for the jury whether the plaintiff was free from a lack of ordinary care in being thus exposed to peril.

3. Although the court properly overruled the general demurrer and other grounds of special demurrer, since the jury might thus be authorized to find that the defendants were guilty of a lack of ordinary care in failing to anticipate the presence of the plaintiff trespasser on its tracks at the time and place of the injury, and in failing to protect him, and might be authorized to find that the plaintiff himself, by virtue of the alleged peculiar facts and circumstances attending his presence, was relieved from the guilt of a lack of ordinary care on his own part in thus exposing himself to peril, the additional grounds of negligence, that the defendants failed to stop the train and attend the plaintiff after his injury, should have been stricken on special demurrer, in the absence of any allegation that the defendants were at any time aware of his presence on the tracks, either before or after the accident. The fault of the defendants, if any, would be in failing to anticipate the plaintiff's presence and in failing to avoid running over him; and could not consist in failing to take subsequent measures with reference to matters of which they had no knowledge.

*Judgment affirmed in part and reversed in part. Sutton, J., concurs.*

STEPHENS, J., concurs in the judgment.