**POLMER v. POLMER.***

No. 16717.

Court of Appeal of Louisiana. Orleans.

May 16, 1938.

*Rehearing denied June 13, 1938.

Hugh M. Wilkinson, A. Miles Coe, and Geo. M. Leppert, all of New Orleans, for appellant.

Wilson, Bennett, Pedrick & Bennett, of Waycross, Ga., and Porteous, Johnson & Humphrey, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no cause of action. Mrs. Annie Polmer brought suit against her son, David Polmer. She alleged that on May 6, 1935, she and her late husband, Adolph Pincus Polmer, were invited to drive with her son, David, in his Hupmobile sedan, from the city of New Orleans to the city of New York and that the invitation was accepted; that while en route on or about May 7, 1935, the automobile in which plaintiff and her husband were guests and, at the time, being driven by her son, David, left the highway, turned over several times causing injuries to herself and to her husband with the result that her husband died from the effects of his injuries; that the accident occurred on Georgia state highway No. 38 in Wayne county, Ga., and was caused by the right wheels of the car going onto the mud shoulder of the road with such suddenness that when defendant "attempted to bring the car back on the highway, the said car or automobile swerved entirely across the highway, over to the left side of the road and over the road embankment"; that the accident and resulting injuries to plaintiff and her husband were due entirely to the gross negligence of defendant in that he failed to keep a proper lookout while driving, or to keep a firm grip on the steering wheel of the automobile, and in driving too near the edge of the road after having been warned by plaintiff and her husband on, at least, two occasions; that following each of the warnings given by plaintiff and her husband, defendant immediately pulled away from the shoulder of the road "and continued in a proper manner along the said highway until the accident above described, which happened with such suddenness and with such rapidity that petitioner and her said husband were unable to complain or cry out any further warning"; "that the accident, injuries and resulting death having all occurred entirely within the State of Georgia, petitioner relies upon the laws and the statutes of said State for her rights in this suit, of which said laws petitioner specifically pleads the following sections of said Georgia Code of 1933, reading as follows * * *"; "That in explanation of and particularly in support of the allegations * * *, and for all purposes of this suit, petitioner now pleads the law of Georgia as contained in said Georgia Code of 1933, chapter 105, p. 203 (3473) which reads as follows: 'Slight diligence. Gross negligence.—In general, slight diligence is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. Applied to the preservation of property, slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. The absence of such care is termed gross negligence.' "

The petition contains further quotations from the laws of Georgia appropriate to the allegations of the petition with respect to quantum which are not of interest in connection with a consideration of the exception of no cause of action. The petition concludes with a prayer for damages in the sum of $25,750.

To this petition defendant filed an exception of no right or cause of action which was maintained. The basis of the exception is the alleged failure of plaintiff to set forth in her petition a showing of gross negligence under the Georgia Code which, it is claimed, is an indispensable prerequisite to recovery by a plaintiff in an action like the present one, by a guest passenger in an automobile against the owner and driver thereof. Counsel for plaintiff do not admit that under the law of Georgia it is necessary to allege and prove gross negligence before recovery can be had against the owner of an automobile by a guest, contending that this rule arose from judicial decisions and is not of statutory origin. However, that may be, the point is but feebly made and the case was argued and briefed from the defendant's point of view as requiring proof of gross negligence, and we shall consider the law of Georgia to be as stated in the case of Epps v. Parrish, 26 Ga.App. 399, 106 S.E. 297, as follows: "One riding by invitation and gratuitously in another's automobile cannot recover for injury caused by the other's negligence in

driving, unless it amounted to gross negligence."

The question, therefore, is whether the allegations of plaintiff's petition make out a case of gross negligence on the part of the driver of the automobile in which plaintiff and her late husband were riding at the time of the accident. It will be recalled that the acts of negligence imputed to defendant are as follows: (1) Driving too near the edge of the road despite repeated warnings by plaintiff and her late husband; (2) failure to keep a proper lookout; and (3) failure to keep a proper grip upon the wheel.

We have been favored with an able brief prepared by a firm of Georgia lawyers on behalf of defendant. The brief contains a learned analysis and exposition of the Georgia Code and interpretative jurisprudence. The following, among other authorities, are cited: Harris v. Reid, 30 Ga.App. 187, 117 S.E. 256; Peavy v. Peavy, 36 Ga.App. 202, 136 S.E. 96; Blanchard v. Ogletree, 41 Ga.App. 4, 152 S.E. 116; Wachtel v. Bloch, 43 Ga.App. 756, 160 S.E. 97; Capers v. Martin, 54 Ga.App. 555, 188 S.E. 465; Calhoun v. Little, 106 Ga. 336, 32 S.E. 86, 43 A.L.R. 630, 71 Am.St.Rep. 254; Yearwood v. Yearwood, 45 Ga.App. 203, 164 S.E. 105; Tucker v. Andrews, 51 Ga.App. 841, 181 S.E. 673; Frye v. Pyron, 51 Ga.App. 613, 181 S.E. 142.

Counsel for defendant in their brief state that Yearwood v. Yearwood, supra, is closer in its facts to this case than any other Georgia case. The opinion in that case, which is very brief, reads as follows:

" 'One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence.'

"This is a suit for personal injuries, brought by the defendant's sister-in-law, who, at the time of the infliction of the injuries, was riding as his invited guest in an automobile owned and operated by him on a public highway. Her petition alleged that her injuries were caused by the gross negligence of the defendant in driving the car, while proceeding at a rate of about 35 miles an hour, 'into a deep ditch on the left-hand side of the road.'

"Upon the trial, the evidence introduced by the plaintiff failed to show that the defendant was guilty of gross negligence, immediately preceding or at the time of the accident (the driving of the car into the ditch), and the court did not err in awarding a nonsuit.

"Judgment affirmed."

The court in that case, therefore, held that the plaintiff failed to produce evidence of gross negligence "immediately preceding or at the time of the accident." We might remark parenthetically that, under a similar showing in this jurisdiction, the burden of proof of negligence, gross or otherwise, would have shifted to the defendant under the doctrine of res ipsa loquitur. Hamburger v. Katz, 10 La.App. 215, 120 So. 391. But, be that as it may, the most that can be said of the holding in the Yearwood Case was that the evidence was insufficient to permit recovery under the law of Georgia. We do not know what the evidence was and, therefore, are not in a position to say whether that authority is controlling in the case before us, since apparently the doctrine of res ipsa loquitur has no application in the state of Georgia to cases involving automobile accidents. It may have been proven that the cause of the automobile running into the ditch was due to a sudden emergency presenting a choice between a certain collision with another vehicle with probable fatal consequences and a chance to escape with only minor injuries by turning off the road and into the ditch. We do not consider the case to be closely analogous to the instant one.

In Harris v. Reid, supra, the plaintiff was a guest of the defendant who was driving her automobile at the rate of 35 miles per hour and in passing another car scraped its fenders. She subsequently turned her head to look back when her automobile ran off the embankment causing plaintiff to be injured. The plaintiff testified that the act of striking the other car caused her to cry out a warning to defendant. In holding that a judgment of nonsuit rendered by the trial court was correct, the Court of Appeals of Georgia, said, in part (page 257): " * * * conceding that the proven acts and conduct of the defendant constituted the proximate cause of the injury, it could not properly be held that such acts and conduct, taken separately or together, evidenced 'the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property.' The speed at

■ 203

which she was driving, and the fact that in some wholly unexplained manner she scraped the fender of the other car, could not possibly be held to prove that the defendant was operating the car without the existence of even a 'slight' degree of care. Nor can it be said that the fact that the defendant, in the emergency and under the sudden excitement attendant upon scraping the other car, and the admonition which was then uttered by the plaintiff, obeyed the promptings of a natural and humane instinct by momentarily glancing back at the other car and its occupants, evidences an entire lack of even slight prudence such as would constitute gross negligence."

The court found, however, that there was no proof as to the cause of the scraping of the cars. "The plaintiff did not attempt to show whether the defendant's glance backward was due to the scraping of the cars, or to the plaintiff's uttered admonition, or to a combination of these causes, * * * or whether it might have been attributable to some act of the other driver."

In Tucker v. Andrews, supra, referred to as the "milk bottle case," the plaintiff, a guest of the defendant, and the defendant, were riding on the front seat of an automobile and defendant's two small children were in the back. The car was traveling about 25 miles per hour. A bottle of milk in the back of the car turned over and one of the children informed the defendant of the occurrence, whereupon she looked back and at that moment the car struck a telegraph pole on the side of the road, injuring plaintiff. The Georgia Court of Appeals affirmed a judgment of nonsuit. In refusing a motion for rehearing the court said that the looking back by defendant immediately upon being told of the spilled milk "was instinctive and a natural impulse" and (page 676) that "There must be something more than an error in judgment, momentary inattention, or loss of presence of mind, in circumstances such as these, in order that there may be indicated an indifference to the duty owed to a guest or an utter forgetfulness of his safety."

Without further discussion of the authorities relied upon by counsel it is sufficient to say that we have been referred to none which so nearly approach the instant case on the facts as to warrant a a holding that gross negligence has not been alleged. We observe that in Southern Railway Company v. Kelley, 52 Ga. App. 137, 182 S.E. 631, it is pointed out (page 633) that " * * * negligence, including gross negligence, and willful and wanton misconduct are not construed in this state as synonymous terms."

According to the allegations of the plaintiff's petition the driver of the car, in which plaintiff and her deceased husband were riding, persisted in keeping his right wheels on the edge of the mud shoulder of the highway, notwithstanding repeated warnings of the danger involved of running off the road, and that when the right wheels did go off the road defendant failed to have a firm grip upon the steering wheel which was jerked suddenly in his hands before he could right the automobile which became unmanageable. We think these allegations amount to gross negligence and come within the doctrine of the Georgia Code as the "want of that care which every man of common sense, how inattentive soever he may be, takes of his own property."

■ We have the greatest respect for the opinions of the courts of our sister states and, if we had been referred to any decision which we believed sufficiently similar in its facts as to be controlling, we would cheerfully have followed the holding of the Georgia courts, but in the absence of such authority we must rely upon our own views as to the proper construction of the Georgia law. Succession of Marinoni, 177 La. 592, 148 So. 888; Finney v. Guy, 189 U.S. 335, 23 S.Ct. 558, 47 L.Ed. 839.

Our conclusion is that the judgment maintaining the exception of no cause of action was erroneous, consequently, and for the reasons assigned the judgment appealed from is annulled, avoided, and reversed and it is now ordered that the exception of no cause of action be and it is overruled and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.