31957.   WHITFIELD *v*. WHEELER.

Decided April 23, 1948.

*George & John L. Westmoreland, J. Ralph McClelland Jr.,* for plaintiff.

*Matthews, Long & Moore,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ This being a case wherein a guest is suing the host, it was incumbent upon the guest (plaintiff) to show by the evidence that the host (defendant) was guilty of gross negligence in the operation of his automobile. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297). Gross negligence as defined by this court is the want of slight care and diligence; such care as careless and inattentive persons would usually exercise under the circumstances; carelessness manifestly materially greater than want of common prudence, the entire absence of care. See *Harris* v. *Reid,* 30 *Ga. App.* 187 (2) (117 S. E. 256).

There was ample evidence in this case to authorize the verdict, and the trial court did not err in overruling the motion for a new trial on the general grounds. Although the evidence might have authorized a different verdict, where there was enough to support the verdict found, the judgment of the trial court refusing a new trial on the general grounds will not be disturbed. See Code (Ann.) § 70-202, and annotations under catchwords, "Any Evidence" and "Approval."

■ The plaintiff assigns error on the following charge of the court: "Gross negligence, as applicable to the particular facts and circumstances, is defined as the want of slight care and diligence, such care as the careless or the inattentive person usually exercises under the same circumstances, as the want of that diligence which even careless men are accustomed to exercise, the entire absence of care." This is a correct statement of the law. See *Harris* v. *Reid,* supra. This being a case wherein it was incumbent upon the plaintiff to allege and prove gross negligence, the controlling issue in the case was whether or not the defendant was guilty of such negligence; therefore it was the duty of the trial court to charge the jury the law upon the material issues of the case.

860

The plaintiff assigns error on the following charge: "The plaintiff could not recover if the defendant were merely guilty, if you so find, of some error in judgment in operating his car, or for some momentary inattention upon the part of the defendant." This is a correct statement of the law and was authorized by the evidence. We quote from *Edwards* v. *Ford*, 69 *Ga. App.* 584 (26 S. E. 2d, 306), as follows: "Even if in the present case the jury would have been authorized to find that the driver of the car momentarily took her eyes from the road and leaned over to pick up the puppy, we think the facts would bring the case within the exception ruled in *Harris* v. *Reid*, supra, and *Tucker* v. *Andrews*, 51 *Ga. App.* 841 (181 S. E. 673), where the principle of law was announced that one is not guilty of gross negligence where the alleged momentary inattentiveness to the road was induced by the promptings of a natural and humane instinct."

The plaintiff assigns error upon the following charge of the court: "The driver of the automobile when confronted with sudden peril (not arising from any fault of his own) will not be held negligent when he exercises his right to take care of himself and thus avoid death or bodily injuries, provided he acts with such care as an ordinarily prudent person would exercise. The driver of the automobile when confronted with an emergency, if he finds he was so confronted, is not liable because he might not exercise good judgment under the circumstances, but is held liable in such emergency in ordinary care and diligence under the circumstances." This charge was authorized by the evidence and is in accordance with the rule laid down in *Cone* v. *Davis*, 66 *Ga. App.* 229 (17 S. E. 2d, 849).

The judgment of the trial court overruling the motion for new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*