34918, 34919. CASKEY *v.* UNDERWOOD; and *vice versa.*

Decided December 4, 1953—Rehearing denied December 17, 1953.

*John L. Green, Rupert Brown, Raymond Lester, James Barrow,* for plaintiff in error.

*Erwin, Nix, Birchmore & Epting,* contra.

FELTON, J. ■ The court did not err in sustaining the general demurrer to count three. The contentions of the plaintiff in error are: that the death statute creates a new statutory cause of action unknown to the common law and independent of common-law concepts of liability; that the statute prescribes who may recover, the circumstances under which recovery may be had, and the amount which may be recovered; that the words "other negligence" in Code § 105-1301 mean ordinary negligence; and that the "guest rule" with its requirement of gross negligence in order to impose liability, being a rule of common law, has no application in a case where death results to the guest and an action is brought under the death statute. We agree with the plaintiff in error that the death statute affords a new right of

action and is not a provision for a survival of the decedent's cause of action. *Thompson* v. *Watson,* 186 *Ga.* 396 (197 S. E. 774, 117 A. L. R. 484), and cases cited; "Actions for Wrongful Death in Georgia," Charles J. Hilkey, 9 Georgia Bar Journal, 368. In addition to various reasons given as to why the right of action is not a survival of a decedent's cause of action one other might be added, and that is that an individual can have no cause of action for his own death. However, this new right of action (Code § 105-1307; Ga. L. 1887, pp. 43, 45) is founded on the premise that the deceased would have been entitled to an action against the wrongdoer if death had not ensued, based on the breach of a duty owed to the deceased at the time of the injury. The original statute included such a provision. Cobb's Digest, p. 476. This provision was omitted from the Code of 1863 and subsequent Codes, but the general rule reads this requirement into the statutes. 16 Am. Jur. 61, § 82. Georgia recognizes this requirement. *Berry* v. *Northeastern Railroad,* 72 *Ga.* 137 (1) ; *Thompson* v. *Watson,* supra. It follows that the basis of the cause of action, even though it is a new one, is the violation of a duty owed by the wrongdoer to the deceased. *Atlantic, Valdosta & Western R. Co.* v. *McDilda,* 125 *Ga.* 468 (54 S. E. 140). The specific question for decision just here is what is the duty the violation of which gives rise to the cause of action. The plaintiff in error contends that the death statute provides that this duty is that of ordinary care, and she cites as authority *W. & A. R. Co.* v. *Michael,* 175 *Ga.* 1 (165 S. E. 37). In that case the Supreme Court stated (at page 10): "The language 'other negligence' . . . embraces a homicide resulting from any negligence other than criminal negligence, and includes a homicide resulting from simple or ordinary negligence." This is not a ruling that the statute authorizes actions merely for criminal or ordinary negligence. We think the proper construction of the statute is that it gives a right of action for damages for any negligence which was actionable at common law. The act did not undertake to state or define what "other negligence" meant. The common-law rule governing the facts alleged in count three, the duty of host to guest in an automobile is that of slight care. *Slaton* v. *Hall,* 168 *Ga.* 710 (148 S. E. 741, 73 A. L. R. 891). Attack is made on the rule as approved in the *Slaton* case, and the writer, speaking for himself alone, seriously doubts

the correctness and soundness of the rule, but this court is powerless to change it. For the origin of the rule, see the cases cited in *Slaton* v. *Hall,* supra, and in *Lee* v. *Lott,* 50 *Ga. App.* 39, 42 (177 S. E. 92). It thus appears that the death statute does not provide for an action based on ordinary negligence in a guest case, and the court correctly sustained the general demurrer to the third count.

■ The court did not err in overruling the general demurrer to count one, which sought recovery on account of negligence charged directly to the defendant in that he allegedly turned over an automobile with slick tires to an incompetent and inexperienced driver. The only point argued is that the law required only slight care on the part of the host, and required gross negligence on the part of the host to show liability. As stated before, this count was based on negligence charged directly to the defendant and not to him through his son as agent under the family-car doctrine. Since there was no allegation of agency under the family-car doctrine, and the allegations of count one did not show that the deceased occupied the relationship of a guest of the defendant and his son, the allegation of the duty to exercise ordinary care was appropriate, and the court did not err in overruling the general demurrer to count one.

■ There are exceptions to the charge of the court relative to the first count, involving references to gross negligence and a refusal to give a requested charge on the subject. It is not necessary to consider these assignments of error for the reason that, in view of the admission in judicio that the defendant's son was operating the automobile as the defendant's agent under the family-car doctrine, the deceased was a guest of the defendant under the law and facts, and the plaintiff was entitled to a recovery, if at all, only under count two which charged gross negligence. Under the facts and admissions, the first count should not have been submitted to the jury. If on another trial the admissions are the same, and the facts not materially different, the alleged errors in the charge complained of will not likely recur.

■ Ground 7 of the amended motion for new trial assigns error on that part of the trial court's charge including in the definition of gross negligence "the entire absence of care," it being contended that this placed a greater burden on the plaintiff than he

was required by law to carry in order to be entitled to recover. This exact question was presented to this court in *Whitfield* v. *Wheeler,* 76 *Ga. App.* 857 (47 S. E. 2d 658). In that case it was held, on authority of *Harris* v. *Reid,* 30 *Ga. App.* 187 (2) (117 S. E. 256), that the charge was proper. The trial court here, no doubt following those two cases, gave the same charge; and, if it is error, it is certainly no fault of the trial judge. The fault rather must be confined to this court, both in quoting with approval from "Words and Phrases" that part of the definition of gross negligence here complained of in *Harris* v. *Reid,* supra, and the latter decision of *Whitfield* v. *Wheeler,* supra, based thereon. The Code Commission incorporated a part of the decision dealing with gross negligence in *Harris* v. *Reid,* supra, in the Georgia Code of 1933, but did not include therein "the entire absence of care" which was included in that case as a part of the definition of gross negligence. It is well settled in this State that there is a distinction between gross negligence and wanton misconduct. *Southern Ry. Co.* v. *Davis,* 132 *Ga.* 812, 815, 818 (65 S. E. 131); *Southern Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000). It is also well settled that one may fail to exercise the whole degree of slight diligence and still be in the exercise of some care. *Hennon* v. *Hardin,* 78 *Ga. App.* 81 (50 S. E. 2d 236). Where this condition exists, gross negligence is present. We are of the opinion that the entire absence of care would generally, if not always, result in wanton misconduct; also, that charging the entire absence of care as a part of the definition of gross negligence would very likely confuse the jury and cause them to assume that, before one could be guilty of gross negligence, there must be an entire absence of care. It is error for a trial court to use the words "entire absence of care" in defining gross negligence when the use of such expression can be interpreted as meaning that, in order to prove gross negligence, an entire absence of care must be proved. See *Lee* v. *Lott,* supra; *Southern Ry. Co.* v. *Kelley,* 52 *Ga. App.* 137 (182 S. E. 631), and cases cited. Of course, a petition based on a required degree of culpability less than the entire absence of care would be supported by evidence showing that the defendant failed to exercise the degree of care required by the failure to exercise any degree of care whatever.

Accordingly, those parts of *Harris* v. *Reid,* supra, and *Whit-*

*field* v. *Wheeler,* supra, approving "the entire absence of care" as a part of the definition of gross negligence, are expressly overruled. An abstract charge on the definition of gross negligence is sufficient and proper where it is confined to the applicable portions of Code § 105-203.

For the reasons set out in this division of the opinion, the trial court erred in denying the motion for new trial as amended.

*Judgments affirmed on the cross-bill of exceptions, and reversed on the main bill of exceptions. Sutton, C. J., Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur.*

ON MOTION FOR REHEARING.

Plaintiff in error contends that the ordinary-care rule applies as to the duties owed by the owner of an automobile to the guest of an agent of the owner exclusive of the negligence of the agent of the owner. In other words, the contention is that, if the duty of the owner to the agent's guest is direct, ordinary care is required, and that, where the duty is indirect (through an agent), slight care only is required. We know of no such distinction in this State. As we understand the law, a guest of the owner's agent is regarded in law as the owner's guest, and the owner's duty to the guest is slight care, whether the duty is direct or indirect through another person. The ruling in *Burks* v. *Green,* 85 *Ga. App.* 327 (69 S. E. 2d 686), is not authority for a contrary holding. In that case the plaintiff was not a guest of the defendant or a guest of an agent of the defendant. The quotation from Corpus Juris in that case, that "This duty and liability applies as to a guest in the owner's vehicle as well as to a stranger on the highway," had its source in Alabama and North Carolina cases, and in those States the rule of ordinary care obtains in host-guest cases and not the rule of slight care as in Georgia. Even if the opinion in *Burks* v. *Green* could be construed to be a ruling such as is contended for by plaintiff in error, the ruling was obiter.

*Motion for rehearing denied.*