CARROLL, Judge.
The plaintiff-appellee was injured in an automobile accident which occurred in Georgia, while a passenger in a car driven by her sister Edythe L. Grodson, who, in attempting to pass a truck, collided head-on with another car. The drivers of the two cars were killed. The trailer-truck proceeded on. Plaintiff was sleeping and did not witness the accident. She sued the executors of her deceased sister’s estate in Dade County, Florida, alleging gross negligence.
Georgia requires a guest-passenger to prove gross negligence in an action against his host-driver. Epps v. Parish, 26 Ga.App. 399, 106 S.E. 297. Gross negligence is defined by statute (Ga.Code Ann. § 105-203) as the absence of “that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances.” See Caskey v. Underwood, 89 Ga.App. 418, 79 S.E.2d 558, 562. Cf. Tidwell v. Tidwell, 92 Ga.App. 54, 87 S.E.2d 657. On the trial, defendants’ motions for directed verdict made at the close of the plaintiff’s case, and when all evidence was in, were denied. The verdict was for the plaintiff, motion for new trial was denied, and defendants appealed the resultant judgment. The determinative question is whether the trial judge erred in refusing to grant a directed verdict for defendants. We conclude that he did, and that the judgment must be reversed.
 Gross negligence was not shown. The evidence relating to the negligence of the defendant driver was not such as would have been sufficient for a jury to find her guilty of gross negligence. There was no good or close eye witness. A passenger in an approaching car, approximately 1,000 feet away saw the result of the collision just as or after it happened, and saw a trailer-truck in the right-hand lane in the area of the accident. How the accident happened was not shown. For instance, it was not disclosed whether the car the plaintiff was riding in was hit head-on when it first pulled into the left lane preparatory to passing the trailer-truck or whether the collision occurred after she had moved along side the truck, or occurred just as she was about to complete the passing. Appellee argues that being in the left lane in face of oncoming traffic was gross negligence, but a driver has to go to the left lane to pass another vehicle on such a highway. Nor does the fact that the passing driver collided with an oncoming car establish gross negligence. *848 Such an accident could result from a foolhardy effort to pass when the circumstances as to the speed and position of all vehicles involved were such that the driver knew or should have known a collision would likely result, or it could happen equally as effectively and fatally to one who in passing a truck makes some slight miscalculation as to the position and speed of the vehicles in attempting to pass.
In the case of Commercial Credit Corporation v. Varn, Fla.App.1959, 108 So.2d 638, the first district court of appeal, speaking through Justice Thornal, said:
“ * * * the established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary. Voelker v. Combined Ins. Co. of America, Fla.1954, 73 So.2d 403. See also Wigmore on Evidence, Vol. 1, Sec. 41.”
In order to arrive at a finding of gross negligence in the instant case, the jury would have had to infer certain facts initially and rely on further inferences imposed thereon. The evidence was insufficient upon which to predicate the verdict, and the defendants’ motion for directed verdict should have been granted.
Accordingly the judgment is reversed and the cause is remanded with directions to enter judgment for defendants.
Reversed and remanded.