### 47692. GOOBER v. NIX et al.

EVANS, Judge. Edward Goober sued Tom Nix and Tyson Motor Company, a corporation, for injuries arising out of an auto collision. He alleged that the vehicle in which he was riding was owned by the corporation and driven by its employee, Nix. Plaintiff charged both gross and ordinary negligence against the defendants, as well as negligent entrustment by the corporation of

its vehicle to Nix as a person known to be a reckless, careless and incompetent driver. The defendants denied the material portions of the complaint, and further alleged that plaintiff assumed the risk by voluntarily riding with the defendant Nix, while plaintiff was intoxicated. Defendant moved for summary judgment, and succeeded in having the allegation as to negligent entrustment stricken. The case came on for trial, and resulted in a verdict and judgment for defendants. A motion for new trial was filed, heard and denied; and plaintiff appeals. *Held:*

1. Error is asserted in that the court refused to admit in evidence excerpts of a deposition of the defendant Nix. It appears that this defendant was fully cross examined as to his answers in the aforesaid deposition, and no harm resulted from the refusal to allow the excerpts from the deposition in evidence. *Morris v. Johnson,* 222 Ga. 76 (4) (148 SE2d 392); *Mullis v. Chaika,* 118 Ga. App. 11, 20 (162 SE2d 448).

2. While the right to a thorough and sifting cross examination is a substantial right which should not be unduly abridged on a material matter (Code § 38-1705; *Ledford v. State,* 89 Ga. App. 683 (80 SE2d 828)), nevertheless, the extent and scope thereof is not unlimited. It is discretionary with the court to restrict cross examination so as to prevent needless repetition of questions as to matter which has already been fully developed on cross examination. *Western & A. R. Co. v. Hart,* 95 Ga. App. 810 (99 SE2d 302); *McCartney v. McCartney,* 217 Ga. 200 (6) (121 SE2d 785). There is no merit in the enumeration of error that the court deprived plaintiff of the valuable right of cross examination by cutting him off from repeatedly examining the witness in the instances here complained of.

3. The testimony of Dr. Parrish, an expert witness, was objected to here as hearsay. If in fact it was hearsay

testimony, it was not objected to in the lower court, and no ruling was made thereon in the lower court. While counsel objected to an earlier question asked of this witness, the objection presumed the answer to be beyond the range of the witness' knowledge, but the record shows this was a fallacious presumption. There is no merit in this contention.

4. Since the evidence authorized a charge on both gross and ordinary negligence, the lower court did not err in giving separate instructions thereon. Nor was the charge unduly repetitious as to gross negligence. While the charge did not go as far as counsel would have liked in charging on the negligence of the defendant, it was not erroneous. Nor do we find any error in the charge that plaintiff had the right to leave the automobile if dissatisfied with the method and manner- in which defendant Nix was driving. The charge, as given, and as a whole, was satisfactory. See *Harris v. Reid,* 30 Ga. App. 187 (117 SE 256); *Whitfield v. Wheeler,* 76 Ga. App. 857 (47 SE2d 658); *Caskey v. Underwood,* 89 Ga. App. 418, 422 (79 SE2d 558); *Tidwell v. Tidwell,* 92 Ga. App. 54 (87 SE2d 657).

5. The motion for summary judgment, whereby negligent entrustment was eliminated from the case against Tyson Motor Company, was based upon an affidavit of W. C. Tyson and certain depositions. Tyson testified that as president and manager of the corporation, he authorized the co-defendant Nix to drive the company car to and from work; that he had no knowledge that Nix was a reckless, careless or incompetent driver, or that he had ever been involved in an automobile accident prior to this one, or that he had ever been arrested for driving while intoxicated; or had ever driven while intoxicated, or that his driver's license had ever been revoked, or suspended for driving while intoxicated, or had ever been charged with any traffic violation. The depositions failed to establish that Nix

had ever committed any of the foregoing acts of negligence. The case is devoid of any evidence showing Nix to have been a reckless driver, or that the corporate defendant had any knowledge of Nix being a reckless or incompetent driver. The lower court did not err in excluding the issue of negligent entrustment on defendant's motion for summary judgment. *Hines v. Bell,* 104 Ga. App. 76, 84 (120 SE2d 892); *Roebuck v. Payne,* 109 Ga. App. 525 (2) (136 SE2d 399); *Lee v. Swann,* 111 Ga. App. 88 (140 SE2d 562); *Saunders v. Vikers,* 116 Ga. App. 733 (158 SE2d 324); *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193).

6. The evidence, although conflicting, was sufficient to support the verdict in favor of the defendants, and there is no merit in the general grounds of the motion for new trial.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED JANUARY 4, 1973 — DECIDED FEBRUARY 13, 1973 — REHEARING DENIED MARCH 21, 1973 — 

*Richard D. Phillips,* for appellant.

*Thomas & Howard, Hubert H. Howard, Robert B. Smith,* for appellees.